NOT DESIGNATED FOR PUBLICATION

No. 112,405

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON CRAIG PRICE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; MARTIN J. ASHER, judge. Opinion filed September 4, 2015. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., HILL, J., and TIMOTHY G. LAHEY, District Judge, assigned.

*Per Curiam:* Without any objections, the judge in Jason Craig Price, Jr.'s trial instructed the jury that its verdict "must be founded entirely upon the evidence submitted and the law as given in these Instructions." Price claims this instruction is erroneous because it tells the jury it cannot nullify, that is, simply do what the jury thinks is right. The longstanding policy in Kansas, most recently enunciated in *State v. Naputi*, 293 Kan. 55, 65-66, 260 P.3d 86 (2011), has been that even though a jury may choose to ignore the facts and the law when it reaches its verdict, the jury is not to be told it has the

1

opportunity to do so. We decline Price's offer to repeal that policy. We affirm his convictions.

*After a chase, Price was arrested and his associate confessed.*

Early one morning in late January 2014, the Atchison police chased Price and an associate through the city streets. After their arrest, Price's associate confessed that he and Price had just stolen copper wire from a nearby Westar substation. The jury found Price guilty of fleeing or attempting to elude a police officer, theft, and criminal damage to property.

*Price raises two issues.*

Price contends the court improperly instructed the jury. He also contends the court violated his Sixth and Fourteenth Amendment rights when it decided his criminal history and not his jury. We reject both arguments.

When a party fails to object to an instruction given at trial, he is prohibited from later arguing that the trial court erred in giving the instruction unless the instruction was clearly erroneous. K.S.A. 2014 Supp. 22-3414(3). We analyze such questions in two steps. First, we must determine whether there was any error at all by considering whether the subject instruction was legally and factually appropriate. Second, if we find error, then we must assess whether the jury would have reached a different verdict without the error. In doing this analysis, the court has unlimited review of the entire record. The party claiming error in the instructions bears the burden of proving the degree of prejudice necessary for reversal. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014).

Price has not convinced us that there is any error here. The policy created by the Supreme Court is well settled law on what the *legal* role of the jury is:

2

> "Although it must be conceded that the jurors in a criminal case have the raw physical power to disregard both the rules of law and the evidence in order to acquit a defendant, it is the proper function and duty of a jury to accept the rules of law given to it in the instructions by the court, apply those rules of law in determining what facts are proven and render a verdict based thereon." *State v. McClanahan*, 212 Kan. 208, 217, 510 P.2d 153 (1973).

Nevertheless, Price argues that the use of the word *must* in the instructions went too far because it "affirmatively negated the jury's right to nullify the verdict."

Another panel of this court has recently considered this issue. In *State v. Amack*, No. 111,136, 2015 WL 2342371 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* June 5, 2015, the defendant appealed the use of an instruction that, as here, "instructed the jury that the 'verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.'" 2015 WL 2342371, at *4. This court determined that the trial court did not err in giving the instruction because the instruction was consistent with the Kansas Supreme Court's decision in *McClanahan* as well as with "the jury's oath to reach a verdict founded upon the evidence presented and the law as instructed," and the procedural requirement that questions of law be decided by the court while questions of fact are submitted to the jury. 2015 WL 2342371, at *5.

But, most telling is our Supreme Court's holding in *Naputi*. There are fundamental principles at work here. The *Naputi* court, when it approved the same instruction as used here, ruled:  "It is not the role of the jury to rewrite clearly intended legislation, nor is it the role of the courts to instruct the jury that it may ignore the rule of law, no matter how draconian it might be." 293 Kan. at 66. We will not substitute our judgment for that of the Supreme Court.

We find no error in this instruction and therefore need not go on to the second step of the *Betancourt* analysis.

We quickly dispatch Price's second argument based on the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The Kansas Supreme Court addressed *Apprendi* in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), when it rejected the idea that prior convictions needed to be proved to a jury beyond a reasonable doubt before they could be used to increase a defendant's sentence. 273 Kan. at 46-48. This court is duty bound to follow the Kansas Supreme Court's precedent, unless there is some indication the Supreme Court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012).

Affirmed.