NOT DESIGNATED FOR PUBLICATION

No. 114,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LASHEEN EOLA COOKIE WASHINGTON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; RYAN W. ROSAUER, judge. Opinion filed June 3, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., SCHROEDER, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: Lasheen E.C. Washington appeals her sentence. This court granted Washington's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Finding no error in her sentence, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Washington pleaded no contest to one count of theft, a severity level 9 nonperson felony. Her presentence investigation report indicates Washington had four prior felony theft convictions and one prior felony burglary conviction. Based on these convictions,

1

Washington was sentenced to 14 months' imprisonment pursuant to K.S.A. 2015 Supp. 21-6804(p) which provides for a presumptive prison sentence when a defendant has three or more prior felony convictions for theft, burglary, or aggravated burglary. It is undisputed that Washington had three or more prior felony convictions for theft, burglary, or aggravated burglary.

ANALYSIS

Washington argues the district court violated her rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used her criminal history score to enhance her sentence without requiring the State to prove her criminal history to a jury. However, using a defendant's criminal history to calculate the defendant's sentence does not violate due process under *Apprendi. State v. Williams*, 299 Kan. 911, 941, 329 P.3d 400 (2014) (reaffirming *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 [2002]). Absent some indication the Kansas Supreme Court is departing from its previous position, the Court of Appeals is duty bound to follow the Supreme Court's precedent. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. ___ (2015). The district court did not violate Washington's rights.

Affirmed.

2