NOT DESIGNATED FOR PUBLICATION

No. 114,549

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEONARD C. HANNAH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; HAROLD E. FLAIGLE, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before BUSER, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*: Leonard C. Hannah appeals his sentence after his conviction for an offender registration violation. We granted Hannah's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State of Kansas did not oppose summary disposition.

Pursuant to a plea agreement, on April 27, 2015, Hannah plead guilty to an offender registration violation, a severity level 3 person felony. For its part, the State agreed to recommend that the sentencing court grant Hannah's motion for a durational departure to 59 months' imprisonment. At sentencing, the district court granted the

1

departure and sentenced Hannah to 59 months' imprisonment. Hannah raises two issues on appeal.

First, Hannah contends the district court violated his right to due process and the Sixth Amendment to the United States Constitution by considering his criminal history in calculating his sentence without requiring the State to allege the prior crimes in a complaint and prove them to a jury beyond a reasonable doubt. This is a question of law over which we exercise de novo review. *State v. Pennington*, 276 Kan. 841, 851, 80 P.3d 44 (2003).

As Hannah candidly acknowledges, however, *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), is longstanding precedent that is contrary to his argument. In *Ivory*, our Supreme Court held that the district court's use of a defendant's criminal history to calculate the presumptive Kansas Sentencing Guidelines Act sentence does not violate due process or the Sixth Amendment. 273 Kan. at 46-47. We are duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no evidence to suggest that our Supreme Court is considering a departure from its holding in *Ivory*. See *State v. Tahah*, 302 Kan. 783, 795-96, 358 P.3d 819 (2015), *cert. denied* 136 S. Ct. 1218 (2016) (reaffirming *Ivory*). Hannah's argument is without merit.

Next, Hannah contends the district court erred by "sentencing him for [a] severity level [3] offender registration violation, rather than a severity level [5] offender registration violation as all of his prior convictions for offender registration violations come from the same case—Sedgwick County Case 09CR847." See K.S.A. 2015 Supp. 22-4903(a)(c)(1)(B) and (C). Simply put, Hannah asserts that he has only one prior conviction for an offender registration violation, not four, because the four counts for which he was convicted were charged in only one charging document filed in a single criminal case.

2

The journal entry of judgment for the 2010 Sedgwick County criminal case memorializes that Hannah was convicted of four counts of violating the offender registration law. Additionally, at his plea hearing, Hannah agreed that he was found guilty of four counts of violating the offender registration law. Of note, although Hannah objected to his criminal history score at sentencing, he did not contest these four counts.

As the State argues:

"K.S.A. 21-6810(a) defines 'prior convictions' as, "[a]ny conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

The State's citation has merit. See K.S.A. 2015 Supp. 21-6810(a).

K.S.A. 2015 Supp. 21-6810(a) is dispositive of this issue. The fact that Hannah's four prior convictions in 2010 all arose from a *single* charging document filed in a *single* criminal case does not alter the fact that at the time of this sentencing Hannah had four prior convictions for violating the offender registration law.

Having considered Hannah's arguments, we hold the district court did not err in sentencing him for a severity level 3 offender registration violation given his prior convictions for the same offense.

Affirmed.