NOT DESIGNATED FOR PUBLICATION

No. 115,042

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PHONGSAVANH EDD MONGKHONVILAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed August 19, 2016.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and
(h).

Before ATCHESON, P.J., LEBEN, J., and HEBERT, S.J.

*Per Curiam*:  Defendant Phongsavanh Edd Mongkhonvilay appeals the sentence
the Lyon County District Court imposed on him on the grounds his past convictions were
improperly considered in determining his criminal history category. The Kansas Supreme
Court has regularly rejected the argument Mongkhonvilay makes. *State v. Corey*, 304
Kan. ___, 374 P.3d 654, 660 (2016); *State v. Hall*, 298 Kan. 978, 991, 319 P.3d 506
(2014); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). We, therefore, do
likewise now and affirm the judgment, including Mongkhonvilay's sentence.

In May 2015, Mongkhonvilay faced charges of attempted distribution of between
450 grams and 30 kilograms of marijuana, a drug severity level 2 felony; distribution of

1

between 25 and 450 grams of marijuana, a drug severity level 3 felony; possession of drug paraphernalia to distribute a controlled substance, a drug severity level 5 felony; and misdemeanor possession of drug paraphernalia. He entered into an agreement with the State calling for him to plead no contest to the charge of distributing between 25 and 450 grams of marijuana. The State would then dismiss the other charges, and both sides would join in a recommendation to the district court for a prison sentence of 75 months, an upward durational departure. The district court accepted Mongkhonvilay's plea and found him guilty of the one charge.

Mongkhonvilay had two scored misdemeanors, placing him in criminal history category H. The guidelines sentencing range for a defendant with that criminal history convicted of a severity level 3 drug felony would be 49 to 51 months in prison. The district court followed the plea agreement and imposed a sentence of 75 months in prison. Without the plea agreement, Mongkhonvilay would have faced a guidelines sentencing range of 96 to 108 months on the most severe charge against him.

Mongkhonvilay filed a notice of appeal. The Appellate Defender Office then requested we consider the appeal by summary disposition under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State filed a response indicating no objection to the request.

For his single point, Mongkhonvilay contends the district court's use of his past convictions in establishing an appropriate criminal history and, in turn, a controlling sentence impairs his constitutional rights because the fact of those convictions was not determined beyond a reasonable doubt by the jury. He relies on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support that proposition. Mongkhonvilay also acknowledges the Kansas Supreme Court has rejected that argument and has found the State's current sentencing regimen conforms to the Sixth and Fourteenth Amendments to the United

States Constitution with respect to the use of a defendant's past convictions in determining a presumptive statutory punishment. *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *Ivory*, 273 Kan. at 46-48. As we have already stated, the Kansas Supreme Court has consistently adhered to that position since deciding *Ivory*. Those decisions control and undercut Mongkhonvilay's argument.

Affirmed.