NOT DESIGNATED FOR PUBLICATION

No. 115,043

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BOBBIE JOSENBERGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed August 26, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before STANDRIDGE, P.J., HILL, J., and BURGESS, S.J.

*Per Curiam:* Bobbie Josenberger has asked, and we have granted, her request for summary disposition of her sentencing appeal. See K.S.A. 2015 Supp. 21-6820(g), (h); Kansas Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

After pleading guilty to possession of cocaine, the district court determined her criminal history score was C. The court imposed a 24-month prison sentence which it suspended and then placed Josenberger on probation for 18 months. Probation did not go smoothly.

1

After Josenberger stipulated to violating the terms of her probation, the court imposed a jail sanction, giving her credit for time served while awaiting disposition of the probation revocation motion. The court then returned Josenberger to probation. At her next hearing, Josenberger stipulated to absconding from probation supervision as well as failing to report to her probation officer as required. Even though she asked for placement once again on probation, the court refused and ordered her to serve her prison sentence.

Claiming an abuse of discretion, Josenberger asks us to reverse the district court and order her placement on probation so she can seek drug treatment.

Usually, a court must first impose jail sanctions upon probationers before sending them to prison. We note the court did that one time here already. But sanctions need not be utilized when someone has absconded. When Josenberger stipulated to absconding, it opened the door to the court to simply forgo any more jail sanctions. See K.S.A. 2015 Supp. 22-3716(c)(8).

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Obviously, Josenberger has admitted to violating her probation and we see no error in fact or law that leads us to believe the court abused its discretion by revoking Josenberger's probation.

Josenberger also tacks on a complaint about the district court scoring her criminal history instead of submitting the question to a jury. Our Supreme Court's ruling in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), has held to the contrary, and we are duty bound to follow the Supreme Court's holding.

Affirmed.

2