NOT DESIGNATED FOR PUBLICATION

No. 114,653

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

IAN THOMAS SIMONS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed September 16, 2016. Affirmed.

*Corrine E. Gunning*, of the Kansas Appellate Defender Office, for appellant.

*Jody Litfin*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and MCANANY, JJ.

*Per Curiam*: Ian Thomas Simons entered a no contest plea to two counts of sexual exploitation of a child under 14 years of age. The district court imposed the aggravated presumptive sentences for each offense and ordered the sentences run consecutive to one another, despite Simons' request for concurrent sentences. Simons appeals and challenges both the imposition of consecutive sentences and the use of his criminal history at sentencing without it having been submitted first to a jury for factfinding. We affirm.

1

In December 2013, the State charged Simons as someone 18 years of age or older with one count of aggravated indecent liberties with a child under 14, in violation of K.S.A. 2015 Supp. 21-5506(b), and one count of sexual exploitation of a child, in violation of K.S.A. 2015 Supp. 21-5510(a)(2). In a subsequent amended complaint, the State added a second sexual exploitation charge.

Simons filed an application to change his plea from not guilty to no contest to the two sexual exploitation charges. The application indicated (1) the State would dismiss the aggravated indecent liberties count, (2) both Simons and the State agreed to recommend the aggravated sentence for the sexual exploitation counts, and (3) there was no agreed recommendation regarding whether the sentences for the counts would run concurrently or consecutively. Simons, defense counsel, and an attorney for the State signed the application. At a hearing, the district court accepted Simons' no contest plea with respect to the sexual exploitation counts and dismissed the aggravated indecent liberties count.

After changes in defense counsel, Simons moved to withdraw his plea. He contended he had advised his prior counsel that he wanted to go to trial, prior counsel told him a trial would require more money, and he was unaware he was pleading to the two sexual exploitation counts until the day he pled. Following an extended hearing, the district court denied the motion.

At sentencing, the victim's maternal grandmother, with whom the victim resided, made a statement about the ongoing trauma affecting the victim and the therapy she was receiving. She also stated the victim had lost her relationship with her mother and brother because they did not believe her allegations against Simons who was her stepfather. The State recommended the aggravated sentence of 60 months for the first sexual exploitation count and the aggravated sentence of 34 months for the second. The State noted the victim reported to officials at her elementary school that Simons had taken pictures of her while she showered, had touched her inappropriately, and had told her they could shower

2

together when she was older. The State argued that Simons' sentences should run consecutively because he deserved to be punished for his conduct and the 8-year-old victim had been severely affected and continued to suffer harm as a result of his criminal conduct. The State also noted Simons was a danger to society; had not shown any remorse for his conduct; was seemingly indifferent to the harm he caused to the victim; and had not engaged in any serious rehabilitation while awaiting sentencing, despite seeking help for unrelated mental health issues.

Simons' court services officer testified she had supervised him for about 1 1/2 years and he had no bond violations in that time. She also stated he had received mental health treatment for anxiety during that time, but he had not sought any mental health treatment for sex offender issues. Simons had maintained his innocence throughout the supervision period. On cross-examination, she affirmed that Simons had consistently denied responsibility for the charged offenses and he had never asked her about sex offender treatment options.

In support of an argument for concurrent sentences, defense counsel contended that Simons had not sought sex offender therapy because, consistent with his denial of responsibility, he did not believe that he had a problem that required treatment. Counsel indicated that Simons was seeking mental health screening; he was a positive stepfather to the victim's brother; and neither he, nor the court, nor the State would ever really know what happened with the victim. Counsel argued that these facts and Simons' lack of violations while on bond supported concurrent sentencing.

Simons addressed the district court, repeatedly asserting his innocence and stating he could not be remorseful for something that he did not do. He referred to the timing of the accusation as "funny," as it came a week after he and the victim's mother were married. Simons referred to her as the "so-called victim." He suggested the State was

scared to go to trial for lack of evidence, and his decision to remain in the area instead of fleeing before his arrest demonstrated his innocence.

The district court indicated it would not consider the allegations of inappropriate touching because the related charge had been dismissed. The court also indicated the sentence it imposed would be about Simons' conduct and would be unrelated to any ongoing child in need of care case. The court imposed the recommended aggravated sentences for each count, 60 months for the first count and 34 months for the second.

After recognizing that it was within the its discretion whether to impose consecutive or concurrent sentences, the district court noted it had listened to the testimony provided, including Simons' assertions of innocence, and it still considered Simons guilty based on the plea. The court indicated the case presented issues of trust, where a mother was forced to choose between believing her child and believing her husband, but that such matters were best dealt with in the child in need of care case. The judge said, "[T]he issue that I have in front of me is holding Mr. Simons accountable for two offenses that he has pled no contest to which he was found guilty of." Based on that, the court imposed consecutive sentences and entered judgment to that effect. Simons appealed.

Simons argues the district court abused its discretion by imposing consecutive sentences, as several factors warranted concurrent sentences. Specifically, he contends that although he has maintained his innocence with respect to the charged offenses, he accepted responsibility by entering a no contest plea, saving the bother and expense of a trial. Additionally, he had no criminal offenses within 10 years leading up to the instant convictions and no history whatsoever of sex offenses. He had no bond violations during the 18 months he was on bond, and he had sought mental health treatment for anxiety while on bond. Although he was convicted of two separate offenses, the charges were for the same conduct against the same victim, suggesting that the sentence for one of the

offenses would be sufficient punishment. He argues the district court abused its discretion by determining it had to impose consecutive sentences because he was convicted of two offenses, ignoring all of the evidence he presented at sentencing that favored concurrent sentences, and no reasonable person would agree with that decision.

The State argues Simons' repeated insistence on his innocence undermines his claim that he accepted responsibility. The district court identified the several factors that influenced its decision to impose consecutive sentences, and Simons has not demonstrated that no reasonable person would make the same decision.

A sentencing judge has discretion to impose concurrent or consecutive sentences in multiple conviction cases under K.S.A. 2015 Supp. 21-6819(b) (absent certain circumstances, the sentencing judge shall "have discretion to impose concurrent or consecutive sentences in multiple conviction cases"). That statute provides that the judge "may consider the need to impose an overall sentence that is proportionate to the harm and culpability" associated with the crimes. K.S.A. 2015 Supp. 21-6819(b). Judicial discretion may be abused in three ways: (1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

On appeal, Simons contends that the district court imposed consecutive sentences because it believed it was compelled to solely by the fact he was convicted of two offenses. On the contrary, the court recognized the question of whether to impose consecutive or concurrent sentences was entirely within its discretion, and it listed matters that would not influence its decision and identified items that did factor into its analysis. While the court stated its focus was on holding Simons accountable for the two convictions, it did not say that the mere fact of multiple convictions required consecutive sentences, or suggest its discretion was constrained in any way. The court acknowledged

5

the testimony it had heard, and it imposed consecutive sentences in order to hold Simons accountable for his conduct.

Although Simons argues there are several factors militated in favor of the imposition of concurrent sentences, this does not appear to be the case. Simons repeatedly and adamantly refused to accept responsibility for his conduct, as he maintained his innocence both before the district court and with the court services officer. His effort to equate the entry of a no contest plea—which also ensured the most severe charge would be dismissed—with acceptance of responsibility is not persuasive. Likewise, he implies, as he did at sentencing, that anxiety treatment serves the same purpose as sex offender therapy; but this is an unconvincing comparison, and his anxiety treatments do not themselves undermine the court's decision or demonstrate that imposing concurrent sentences was the only reasonable choice. While it is true that the instant convictions appear to be his first sex offenses in a limited criminal history, and he had no bond violations, those hardly outweigh the harm and culpability resulting from his twice obtaining and retaining photographs of his 8-year-old stepdaughter while she was showering and his continued refusal to accept responsibility. K.S.A. 2015 Supp. 21-6819(b). Certainly, Simons has not demonstrated that no reasonable person would have imposed consecutive sentences as the district court did. *Ward*, 292 Kan. at 550. Therefore, he has not demonstrated the district court abused its discretion, and we affirm.

Simons also argues the district court violated his rights under the Sixth and Fourteenth Amendment to the United States Constitution by using his criminal history to sentence him without first having submitted the criminal history to a jury for factfinding. While he contends this factfinding is required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), he acknowledges that the Kansas Supreme Court has held in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), that using criminal histories to place defendants in the sentencing guidelines does not violate *Apprendi*. He

6

disagrees with the *Ivory* decision without argument, however, and raises the issue to preserve it for possible federal review.

The Supreme Court has rejected Simons' argument in a long series of cases beginning with *Ivory.* 273 Kan. at 46-48; see also *State v. Brown*, 295 Kan. 181, 216, 284 P.3d 977 (2012); *State v. Bennington*, 293 Kan. 503, Syl. ¶ 9, 264 P.3d 440 (2011). These cases hold that the use of prior convictions for sentencing enhancement is constitutional. Simons does not present any argument that *Ivory* is no longer good law or that the Supreme Court has shown signs of moving away from it. Simons merely raised the issue for preservation purposes, and we need not consider it further.

Affirmed.