NOT DESIGNATED FOR PUBLICATION

No. 115,221

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SAMANTHA MARIE PAULEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed November 4, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: In this appeal we granted Samantha Pauley's motion for summary disposition in lieu of briefing pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). Pauley contends the district court abused its discretion in failing to grant her probation. She also claims the court violated her constitutional rights as expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Pauley pled guilty to distribution or possession with intent to distribute methamphetamine. Her presumptive sentence was imprisonment, but she asked the court to grant her probation based on the following claimed substantial and compelling mitigating factors: (1) her prior convictions occurred 7 years before her current crime; (2) she accepted responsibility by pleading guilty; (3) she assisted law enforcement

1

officers by providing information about criminal activity in Wyoming; and (4) she was a "'less serious offender'" and not a habitual offender.

At the sentencing hearing, the State also recommended a departure to probation. Pauley told the court she wanted probation so that she could get drug and alcohol treatment. When questioned by the district court, Pauley admitted she failed to complete court-ordered drug and alcohol treatment in the past.

The district court noted Pauley's criminal history included a conviction for a similar drug crime and her prior failure to complete drug and alcohol treatment, despite having been given the opportunity. The district court refused to grant probation but reduced her prison sentence to 44 months, less than the sentencing guidelines would call for, because of her age and the existence of pending charges in another state which were to likely result in a prison sentence.

We review a district court's decision denying probation for any abuse of discretion. See *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 (2012). A judicial action constitutes an abuse of discretion if it "(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Pauley bears the burden of establishing an abuse of discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Even if Pauley asserted substantial and compelling reasons to support a departure sentence of probation, the district court was not required to depart and grant probation. K.S.A. 2015 Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added.]).

Pauley fails to show an abuse of discretion. Here, a reasonable person could agree with the district court's decision to deny probation based on Pauley's criminal history, which showed an inability to conform her conduct to the law and to refrain from harmful drug use. Moreover, Pauley had been given an opportunity to receive drug and alcohol treatment in the past, but she failed to complete the program. The district court's decision was not arbitrary, fanciful, or unreasonable. Pauley fails to otherwise demonstrate the district court's decision was guided by an error of law or fact.

Pauley also claims the district court violated her constitutional rights under *Apprendi* by using her criminal history to increase her sentence without requiring the State to prove it to a jury beyond a reasonable doubt.

The Kansas Supreme Court has consistently rejected the *Apprendi* claim Pauley raises, beginning with its decision in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). We are duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* 302 Kan. 1012 (2015). We find no such indication. See *State v. Barber*, 302 Kan. 367, 386, 353 P.3d 1108 (2015). This claim provides no basis for relief.

Affirmed.