No. 85,645

STATE OF KANSAS, *Appellee*, v. DAVID L. IVORY, *Appellant.*

(41 P.3d 781)

Opinion filed March 8, 2002.

*Shawn E. Minihan*, assistant appellate defender, argued the cause, and *Randall L. Hodgkinson*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, were with him on the briefs for appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case is before us on a petition for review from the Court of Appeals' finding that *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), does not apply where the sentence imposed was based in part upon a defendant's criminal history score under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* See K.S.A. 2001 Supp. 21-4704. *State v. Ivory* (Case No. 85,645), unpublished decision filed July 20, 2001.

The Court of Appeals reasoned that David L. Ivory received a sentence within the presumptive range, the sentence was not subject to challenge on appeal, and *Apprendi* did not apply. See K.S.A. 21-4721(c)(1). We agree.

We granted review to resolve this first impression issue. K.S.A. 20-3018(b).

## FACTS

Ivory was charged with the theft of several items. He pled guilty to one count of theft. K.S.A. 21-3701(a)(1). At sentencing, the district court looked to Ivory's prior convictions and established a criminal history score of "C" (a letter designation along the horizontal axis of the KSGA grid; the vertical axis indicates the severity level of the crime). The sentencing judge then imposed an aggravated sentence of 13 months' incarceration and ordered the sentence to be served consecutive to a case for which Ivory was on parole at the time of the theft.

The district court conducted an evidentiary hearing to determine the value of the stolen items for purposes of restitution. The Court of Appeals found there was no evidence in the record to support the finding as to the value of an item, set aside the restitution order and remanded for further consideration. Ivory does not seek review of the restitution issue.

## DISCUSSION

Ivory argues that under *Apprendi*, his constitutional rights were violated when the district court increased his sentence based on his prior criminal history. See K.S.A. 2001 Supp. 21-4704; K.S.A. 2001 Supp. 21-4720(b)(3). As the Court of Appeals said: "Simply put, Ivory argues application of the horizontal axis of the sentencing grid is unconstitutional under *Apprendi*."

Ivory reasons that *Apprendi* prevents the use of prior convictions to increase a sentence beyond the statutory maximum unless proven to a jury beyond a reasonable doubt. Ivory's conception of a statutory maximum sentence is an interesting feature of his argument. According to Ivory, the statutory maximum sentence is derived from consideration of the severity level of the crime and a horizontal axis criminal history score of "I" (no prior record). He contends that: (1) the sentencing court increased his sentence by using prior convictions, (2) the convictions were neither included in his complaint nor presented to a jury and proven beyond a reasonable doubt, and (3) prior criminal history should not be included in calculating his sentence.

Ivory's attack on the constitutionality of the KSGA sentencing grid involves a question of law, over which we have unlimited review. See *State v. Crow*, 266 Kan. 690, Syl. ¶ 2, 974 P.2d 100 (1999).

The KSGA builds criminal history into the calculation of a presumptive sentence, rather than using criminal history as an enhancement. The determination of a felony sentence is based on two factors: the current crime of conviction and the offender's prior criminal history. The sentence contained in the grid box at the juncture of the severity level of the crime of conviction and the offender's criminal history category is the presumed sentence. K.S.A. 2001 Supp. 21-4704. See *State v. Gould*, 271 Kan. 394, 409, 23 P.3d 801 (2001).

In *Apprendi*, the United States Supreme Court said: *"Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." (Emphasis added.) 530 U.S. at 490. The prior conviction exception was derived from the holding 2 years earlier in *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998). There, the court concluded that the fact of a prior conviction is a sentencing factor and not an element of the crime. Thus, the prior conviction need not be presented in the indictment and proven to a jury in order to be used by the court to increase the sentence imposed. 523 U.S. at 226-27.

Ivory recognizes that *Apprendi* did not overrule *Almendarez-Torres*. However, he reasons that the *Apprendi* majority raised serious doubts about the constitutionality of *Almendarez-Torres*. Ivory's argument is not a novel one.

The interplay between *Almendarez-Torres* and *Apprendi* was considered in *U.S. v. Pacheco-Zepeda*, 234 F.3d 411, 414 (9th Cir. 2001). The Ninth Circuit Court of Appeals rejected Pacheco-Zepeda's argument that *Apprendi* overruled *Almendarez-Torres*:

"It is true that in *Apprendi*, the Court expressed reservations about *Almendarez-Torres*. [Citation omitted.] However, the Court reasoned that any due process or Sixth Amendment concerns—arising out of the judicial determination of a 'fact' that increased punishment beyond the statutory maximum— were miti-

gated in *Almendarez-Torres* by '[b]oth the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that [the defendant] did not challenge the accuracy of that "fact" in his case.' [Citation omitted.] Thus, the Court in *Apprendi* chose not to overrule *Almendarez-Torres*, and unmistakably carved out an exception for 'prior convictions' that specifically preserved the holding of *Almendarez-Torres*. [Citation omitted.]" 234 F.3d at 414.

In addition, the Ninth Circuit rejected Pacheco-Zepeda's argument that *Almendarez-Torres* was limited to its facts:

"Although *Apprendi* does refer to the fact that the defendant in *Almendarez-Torres* did not challenge the accuracy of his prior convictions, nowhere does *Apprendi* limit *Almendarez-Torres* to cases where a defendant admits prior aggravated felony convictions on the record. [Citation omitted.] To the contrary, *Apprendi* held that *all* prior convictions—not just those admitted on the record— were exempt from *Apprendi's* general rule and, under *Almendarez-Torres*, may continue to be treated as sentencing factors." 234 F.3d at 414-15.

Counsel has not cited a case nor has our research discovered one extending *Apprendi* to hold that increasing a sentence based on the fact of prior convictions is unconstitutional. See *State v. Wheeler*, 145 Wash. 2d 116, 123, 34 P.3d 799 (2001).

The Tenth Circuit Court of Appeals has also rejected the notion that prior convictions should be treated as essential elements to be presented in an indictment and decided by a jury. *U.S. v. Wilson*, 244 F.3d 1208, 1216-17 (10th Cir. 2001).

A similar analysis is found in *People v. Thomas*, 91 Cal. App. 4th 212, 217-21, 110 Cal. Rptr. 2d 571 (2001), *rev. denied* Oct. 31, 2001, which includes an extensive catalog of related case citations. See also, *e.g., U.S. v. Gomez-Estrada*, 273 F.3d 400, 401 (1st Cir. 2001) (*Apprendi* did not overrule *Almendarez-Torres*); *U.S. v. Latorre-Benavides*, 241 F.3d 262, 264 (2d Cir. 2001) (*Apprendi* carved out an exception); *People v. Landrum*, 323 Ill. App. 3d 664, 667, 755 N.E.2d 18 (2001) (United States Supreme Court has not overruled or abandoned *Almendarez-Torres*); *State v. Cullen*, 39 S.W.3d 899, 905 (Mo. App. 2001) (United State Supreme Court explicitly declined to overrule *Almendarez-Torres* and specifically exempted recidivism from the *Apprendi* holding); *State v. Gore*, 143 Wash. 2d 288, 315, 21 P.3d 262 (2001) (*Almendarez-Torres* has not been overruled).

Ivory's sentence should stand. We affirm the Court of Appeals. The case is remanded with directions under the Court of Appeals' ruling on the restitution issue.

DAVIS, J., not participating.

BRAZIL, S.J., assigned.