FILED
United States Court of Appeals
Tenth Circuit

July 8, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FREDRICK CAMERON,

        Petitioner - Appellant,

    v.

LOUIS BRUCE, Warden, Hutchinson
Correctional Facility; STEPHEN N.
SIX,[*] Attorney General of Kansas,

        Respondents - Appellees.

No. 08-3023
(D. Kansas)
(D.C. No. 07-CV- 3106-CM)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

Appellant, Fredrick Cameron, seeks a certificate of appealability ("COA")
from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254
habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be
taken from a final order disposing of a § 2254 petition unless the petitioner first
obtains a COA). Because Cameron has not "made a substantial showing of the
denial of a constitutional right," this court **denies** his request for a COA and
**dismisses** this appeal. *Id*. § 2253(c)(2).

---

[*]Stephen N. Six replaced Paul Morrison as Attorney General of Kansas on
January 31, 2008. *Se*e F.R.A.P. Rule 43(c)(2).

Cameron was convicted by a Kansas jury of one count of criminal possession of a firearm, in violation of Kan. Stat. Ann. § 21-4204(a)(2), and one count of unlawful possession of a controlled substance, in violation of Kan. Stat. Ann. § 65-4162(a)(3). He was sentenced to concurrent terms of twenty-one months' imprisonment on the firearm charge and twelve months' imprisonment on the drug charge. He filed a direct appeal with the Kansas Court of Appeals, arguing (1) the state did not presented sufficient evidence to support the firearm conviction and (2) his sentence was unconstitutionally increased by using prior convictions not submitted to a jury and proved beyond a reasonable doubt. The Kansas Court of Appeals denied relief on both claims. As to the sufficiency of the evidence claim, the court reviewed the evidence presented at trial in the light most favorable to the state and concluded a rational jury could have convicted Cameron on that evidence. The court rejected the sentencing claim, holding recidivism is specifically exempted from the Supreme Court's rulings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). *See State v. Ivory*, 41 P.3d 781, 783 (Kan. 2002).

Cameron filed the instant § 2254 habeas petition on April 18, 2007. In his petition, Cameron raised the sufficiency-of-the-evidence and sentencing claims previously raised on direct appeal. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act, the district court concluded the Kansas Court of Appeals' adjudication of those two claims was not contrary to,

nor an unreasonable application of clearly established federal law. *See Jackson v. Virginia*, 443 U.S. 307, 3109 (1979); *see also Blakely*, 542 U.S. at 301; *Apprendi*, 530 U.S. at 490; *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

To be entitled to a COA, Cameron must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Cameron has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id*. at 338. Although Cameron need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Cameron's application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Cameron is not entitled to a COA. The district court's resolution of Cameron's claims is not reasonably subject to debate and the claims are not adequate to deserve

further proceedings. Accordingly, Cameron has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Cameron's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk