NOT DESIGNATED FOR PUBLICATION

No. 111,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

IRVIN DALE COMBS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS KELLY RYAN, judge. Opinion filed December 18, 2015. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

*Per Curiam*:  Irwin Dale Combs appeals from his conviction by a jury of one count of aggravated robbery, claiming that his statutory right to a speedy trial was violated because the district court attributed some of the delay to him when it should have been charged to the State. We find the relief sought by Combs is precluded by statute and affirm his conviction.

Combs also argues the district court violated his constitutional rights by using his criminal history to enhance his sentence. This argument has been consistently rejected by our Supreme Court, and we affirm the sentence.

*Factual and Procedural Background*

A jury convicted Combs on one count of aggravated robbery for robbing a Sonic restaurant employee at gunpoint in June 2012. Based on this conviction and Combs' criminal history score, the judge sentenced Combs to 102 months' imprisonment. The underlying facts surrounding the robbery are not relevant to the issues on appeal.

At Combs' arraignment on March 18, 2013, defense counsel said she would be filing some pretrial motions. As a result, the district court stated, and defense counsel agreed, that the earliest available date (April 8) would be too soon for trial. Defense counsel was not available on the other dates the district court offered in April and May. The State was not available on June 3, so the district court set the trial for June 17. The court noted that for speedy trial purposes, the time from March 18 to June 3 would be counted against the defense, meaning the delay would not count in the time the State had to bring Combs to trial. The court asked Combs if he understood that, and Combs said, "Yeah." The time from June 3 to June 17 would be counted against the State, so the speedy trial clock would run during that 14-day time period.

On June 12, the prosecutor told defense counsel he would be interviewing Anthony Crockett, who had been charged as a codefendant, the next day and he expected Crockett would testify for the State. Crockett had previously stated he wasn't involved in the robbery. The State told defense counsel he thought Crockett would now testify that he was present during the robbery and Combs had held the gun. The State interviewed Crockett on June 13 and sent defense counsel an audio file of the interview on the

morning of June 14. Defense counsel stated she was not able to open the audio file, and she picked up a CD of the interview audio file some time after the pretrial conference.

On June 14, 2013, at the pretrial conference, defense counsel requested that the trial be continued to a later date because she needed more time to prepare based on Crockett's changed testimony. Combs himself was not present at the pretrial conference because he was in medical segregation at the prison (he had a rash of some kind). Noting that Combs had asserted his right to a speedy trial, defense counsel argued the continuance should be charged against the State because it had forced the delay by telling her about the new witness testimony so close to trial. The district court disagreed, stating: "[W]itnesses' stories change, and you've had notice that he's a witness. So I think it's appropriate to charge the time to defense if you're requesting a continuance." The court and the parties then went through a series of possible trial dates. Defense counsel wasn't available on July 15, July 29, August 12, or September 16, and the State wasn't available on August 26. The court set the trial for September 30, 2013.

Before trial, Combs filed a motion to dismiss, arguing that the State had violated his statutory right to a speedy trial. Combs argued that the time from March 18 to June 3 and the time from June 17 to September 30 should have been assessed against the State. The district court disagreed and held that the time had been correctly allocated against the defense and the State hadn't violated Combs' statutory right to a speedy trial.

Combs timely appealed.

*The Speedy Trial Remedy Sought by Combs Is Precluded by Statute*

Combs first claims his conviction should be reversed because the district court misallocated two time periods to the defense which should have been counted against the 90 days in which the State must bring an incarcerated defendant to trial pursuant to

3

K.S.A. 22-3402(1). This court has unlimited review over whether a defendant's statutory right to a speedy trial has been violated. *State v. Brownlee,* 302 Kan. ___, 354 P.3d 525, 538 (2015).

In the instant case, Combs makes a plausible argument that his statutory speedy trial rights were violated, particularly because some of the decisions regarding scheduling and continuance of the trial were made in his absence. However, we need not decide this issue because effective July 1, 2012, the legislature amended K.S.A. 22-3402 to eliminate the remedy of reversal for statutory speedy trial violations:

> "If a defendant, or defendant's attorney in consultation with the defendant, requests a delay and such delay is granted, the delay shall be charged to the defendant regardless of the reasons for making the request, unless there is prosecutorial misconduct related to such delay. *If a delay is initially attributed to the defendant, but is subsequently charged to the state for any reason, such delay shall not be considered against the state under subsections (a), (b) or (c) and shall not be used as a ground for dismissing a case or for reversing a conviction* unless not considering such delay would result in a violation of the constitutional right to a speedy trial or there is prosecutorial misconduct related to such delay." (Emphasis added.) K.S.A. 2014 Supp. 22-3402(g).

The Kansas Supreme Court considered this provision in *Brownlee* and found that it was procedural in nature and therefore applied retroactively to crimes committed before July 1, 2012. 354 P.3d at 540. The court went on to find that the two sentences did not depend on one another and that the second sentence should be as broadly applied as its language suggests: "Absent prosecutorial misconduct or a violation of a defendant's constitutional speedy trial right, the second sentence also is applicable to any factual situation in which a delay initially charged to the defense is subsequently charged to the state." 354 P.3d at 540.

4

Combs does not raise any constitutional speedy trial issues or allege prosecutorial misconduct. The facts outlined above bring this case squarely within the broad terms of K.S.A. 2014 Supp. 22-3402(g). The 105-day delay from June 17 through September 30, 2013, was initially charged to Combs. Even if he is correct that the 105 days should have been charged to the State, such delay "shall not be used as a ground for dismissing a case or for reversing a conviction." K.S.A. 2014 Supp. 22-2304(g). The legislature "which created the statutory right, has decided to eliminate the remedy for its violation in certain circumstances." *Brownlee,* 302 Kan. at___, 354 P.3d at 540. We are duty bound to follow Kansas Supreme Court precedent. See *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128, *rev. denied* ___ Kan. ___ (2015).

The State apparently failed to raise the relevant provisions of K.S.A. 2014 Supp. 22-3402(g) in the district court, and the district court did not rely on the statute in denying Combs' posttrial motion to dismiss on speedy trial grounds. But since the district court reached the right result, we affirm its decision to deny Combs' motion to dismiss his conviction. See *State v. Overman,* 301 Kan. 704, 712, 348 P.3d 516 (2015).

*The Sentencing Procedure Did Not Violate Combs' Constitutional Rights*

Combs argues that the district court violated his constitutional rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his prior convictions, in the form of his criminal history score, to enhance his sentence.

Combs concedes that the Kansas Supreme Court has considered this issue and determined that a defendant's criminal history score doesn't have to be proved to a jury beyond a reasonable doubt before it can be used to increase a defendant's sentence. *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). Kansas courts have "repeatedly

confirmed" this ruling. *Overman*, 301 Kan. at 716. The district court's imposition of an enhanced sentence based on Combs' criminal history score was not unconstitutional.

Affirmed.