NOT DESIGNATED FOR PUBLICATION

Nos. 115,403
115,404

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY DAWN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Opinion filed February 24, 2017. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*: Ricky Dawn appeals his sentence following his no contest pleas to driving under the influence of alcohol in case 14TR492 (2014 case) and fleeing and eluding law enforcement in case 15TR63 (2015 case). We granted Dawn's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Because we find that the district court did not violate Dawn's constitutional rights by using his prior criminal history to increase his sentence without requiring the State to prove the criminal history to a jury beyond a reasonable doubt, we affirm the district court's sentence in this case. In addition, because Dawn was given a presumptive

1

sentence, this court lacks jurisdiction to consider his challenge to that sentence. Accordingly, we affirm in part and dismiss in part.

In the 2014 case, the State charged Dawn with four misdemeanors—driving under the influence (second offense), refusal to submit to a test to determine the presence of alcohol, driving while a habitual violator, and refusal to submit to a preliminary breath test. In the 2015 case, the State charged Dawn with fleeing or attempting to elude a police officer, a severity level 9 person felony. The State also charged Dawn with refusal to submit to a test to determine the presence of alcohol or drugs, driving while a habitual violator, and transportation of liquor in an open container (second offense). Dawn entered a plea of no contest to Count I of the 2014 case (driving under the influence), and in exchange the State dropped the other charges. Dawn also entered a plea of no contest to Count I of the 2015 case (fleeing or attempting to elude a police officer). In exchange, the State dropped the other charges.

At sentencing, the district court judge noted that Dawn's presentence investigation report for the 2015 case revealed that Dawn had a criminal history score of B and had committed a severity level 9 person offense. The standard sentence for such an offense is 14 months' imprisonment. Dawn filed a motion for dispositional departure which the State did not oppose. However, the district court denied the motion and sentenced Dawn to the presumptive standard sentence of 14 months in prison. The court sentenced Dawn to 6 months in the county jail in the 2014 case, set to run concurrent with Dawn's sentence in the 2015 case.

Dawn argues that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his prior criminal history to increase his sentence without requiring the State to prove the criminal history to a jury beyond a reasonable doubt. But as Dawn acknowledges, this argument has previously been rejected by the Kansas Supreme Court. See *State v. Ivory*, 273 Kan.

2

44, 46-47, 41 P.3d 781 (2002) (holding that *Apprendi* does not require proof of a prior conviction by a jury beyond a reasonable doubt). This court is duty bound to follow Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Singleton*, 33 Kan. App. 2d 478, 488, 104 P.3d 424 (2005). Accordingly, Dawn's *Apprendi* challenge fails.

Dawn also argues that the district court abused its discretion in denying his motion for a downward dispositional departure. The district court sentenced Dawn to the presumptive sentence of 14 months in prison. See K.S.A. 2015 Supp. 21-6804(a) (showing that the presumptive sentence for a person with a criminal history score of B who has committed a level 9 felony is 13-14-15 months in prison). This court has no jurisdiction to review presumptive sentences. K.S.A. 2015 Supp. 21-6820(c)(1). Thus, this part of the appeal must be dismissed.

Affirmed in part and dismissed in part.