IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,689

STATE OF KANSAS,
*Appellee*,

v.

KEVIN ADDISON HIRSCHBERG,
*Appellant*.

SYLLABUS BY THE COURT

Non-sex offenders seeking to avoid retroactive application of provisions of the Kansas Offender Registration Act (KORA) must, in order to satisfy the "effects" prong of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), produce a record that distinguishes—by the "clearest proof"—KORA's effect on those classes of offenders from the Act's effects on sex offenders as a class.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 9, 2014. Appeal from Shawnee District Court; RICHARD D. ANDERSON, judge. Opinion filed August 11, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Chadwick J. Taylor*, district attorney, *Jodi Litfin*, senior assistant district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

1

The opinion of the court was delivered by

STEGALL, J.:  In December 2010, Kevin Addison Hirschberg sold a bag of methamphetamine to an undercover officer. He later pled guilty to one count of possession with intent to sell, deliver, or distribute methamphetamine. Prior to his plea, the Kansas Legislature amended the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, lengthening the amount of time Hirschberg was required to register as a drug offender from 10 years to 15 years. See L. 2011, ch. 95, sec. 6; K.S.A. 2011 Supp. 22-4906(a)(1)(O). During the sentencing hearing, Hirschberg asked the court to impose a 10-year registration period, but the court overruled the objection and imposed a 15-year period, finding that the 2011 amendments applied retroactively. It ultimately sentenced him to 40 months' imprisonment and 24 months' postrelease supervision. Hirschberg appealed.

A panel of our Court of Appeals rejected the merits of Hirschberg's claim that retroactively applying the amendments to him violates the Ex Post Facto Clause. *State v. Hirschberg*, No. 109,689, 2014 WL 1887646, at *2 (Kan. App. 2014) (unpublished opinion). It also disagreed that the district court violated his constitutional rights pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his prior criminal convictions to increase his sentence without requiring the State to prove them to a jury beyond a reasonable doubt. 2014 WL 1887646, at *2 (citing *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 [2002]). We granted review solely to address the ex post facto claim.

We recently analyzed KORA in this context using the intent-effects test set forth by the United States Supreme Court and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal

2

Constitution. *State v. Petersen-Beard*, 304 Kan. 192, 198-209, 377 P.3d 1127 (2016) (relying on the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 [1963]). We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208. And not long ago, we "explicitly extend[ed] the holding of *Petersen-Beard* to apply to ex post facto challenges." *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017), slip op. at 8.

Therefore, to prevail, Hirschberg must demonstrate that drug offenders as a class are sufficiently distinguishable from the class of sex offenders such that the effects of the law become punitive rather than civil when applied to drug offenders. We recently confronted this question in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017). In that case, we declined to hold that KORA registration is punishment where "the record . . . is insufficiently developed for [the defendant] to persuasively argue KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders." *Meredith,* 306 Kan. at ___, slip op. at 6; see *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) ("Because we 'ordinarily defer to the legislature's stated intent,' [citation omitted] '"only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty,' [citations omitted]."); see also *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 (1996), *cert. denied* 521 U.S. 1118 (1997) (holding that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (upholding *Myers*' determination that the legislature intended to enact a nonpunitive scheme), *overruled on other grounds by Petersen-Beard*, 304 Kan. 192. We further explained in *Meredith* that such an inquiry "requires a robust record because the effects prong of the

3

applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions." *Meredith,* 306 Kan. at ____, slip op. at 10.

Hirschberg's claim suffers from the same flaw. He is unable to satisfy the "clearest proof" standard because the record below has not been sufficiently developed. As a result, we cannot—at this time—hold that KORA's registration requirements as applied to drug offenders are punishment and subject to the limitations of the Ex Post Facto Clause.

Affirmed.

\*\*\*

BEIER, J., dissenting: Consistent with my votes in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016); *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017); and *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017), I respectfully dissent from the majority's decision in this case. "Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.