IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 108,103

STATE OF KANSAS,
*Appellee*,

v.

PHOEBE E. SHAYLOR,
*Appellant.*

SYLLABUS BY THE COURT

1.

The legislature intended the Kansas Offender Registration Act (KORA) to be civil and nonpunitive for all classes of offenders.

2.

Because the legislature intended KORA to be a regulatory scheme that is civil and nonpunitive, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 13, 2013. Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed August 18, 2017. Judgment of the Court of Appeals affirming the district court is affirmed on the issues subject to review. Judgment of the district court is affirmed on the issues subject to review.

*Christina M. Kerls*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Thomas R. Stanton*, deputy district attorney, argued the cause, and *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

1

The opinion of the court was delivered by

BILES, J.: Phoebe Shaylor appeals from her conviction for failure to register as a drug offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. At the time of her conviction for manufacture of methamphetamine in 2002, KORA did not impose a requirement on drug offenders. See K.S.A. 2002 Supp. 22-4902 (defining "offender" within the meaning of KORA). But in 2007, the legislature amended the definition of "offender" for registration purposes to include any person convicted of unlawful manufacture of any controlled substance or controlled substance analog "unless the court makes a finding on the record that the manufacturing or attempting to manufacture such controlled substance was for such person's personal use." K.S.A. 22-4902(a)(11)(A).

Shaylor argues her failure to register conviction—based on the retroactive application of KORA's 2007 amendments—violates the Ex Post Facto Clause of the United States Constitution. She also argues the registration requirement violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because the fact as to whether she possessed methamphetamine precursors for personal use was not submitted to a jury. Finally, she asserts the use of her criminal history in the calculation of her sentence without being submitted to a jury also violates *Apprendi*.

The persuasiveness of Shaylor's ex post facto and personal-use-finding *Apprendi* claims turn on whether KORA's requirements constitute punishment for Shaylor's underlying drug crime. We have rejected similar claims and do so again in this case. See *State v. Meredith*, 306 Kan. __, __ P.3d __ (No. 110,520, filed August 4, 2017), slip op. at 10; *State v. Huey*, 306 Kan. __, __ P.3d __ (No. 109,690, filed August 11, 2017), slip op. at *8. We reject Shaylor's criminal-history *Apprendi* claim as we have repeatedly done in many other cases. See, *e.g.*, *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70

2

(2016); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002). We will not address that issue further in this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Prior to trial, Shaylor moved to dismiss the case for "Violation of Ex Post Facto Clause." Shaylor alleged she was convicted of unlawful manufacture of methamphetamine, an offense for which no KORA registration requirement existed at the time of her conviction and sentencing. She argued several new obligations imposed upon her under KORA were akin to additional punishments instituted after the commission of her offense and the sentencing. Her KORA duties were: (1) informing state or local authorities of changes in domicile, commencing employment in a county other than where she resided, commencing a school term; (2) in-person reporting four times each year to verify her registration information was still correct; and (3) paying a $20 registration fee each time she reports. The district court denied the motion after a hearing at which Shaylor reiterated the arguments set out in the motion but offered no evidence.

Shaylor submitted to a bench trial on stipulated facts on the failure to register charge. The parties stipulated Shaylor "is required to register as a drug offender based on her [prior] conviction for manufacture of methamphetamine in Reno County District Court case number 02 CR 1083," but she failed to do so in February 2010, despite notice by mail from the registering agency of her duty to do so. Based on these facts, the court found Shaylor guilty of failure to register. It granted Shaylor's motion for a downward dispositional departure and sentenced her to 36 months' probation, with an underlying 53-month prison term.

Shaylor timely appealed. She raised, among other claims no longer relevant, the ex post facto issue. She also argued for the first time on appeal that *Apprendi* required the

3

fact of whether she possessed precursors for personal use to be submitted to a jury and that *Apprendi* required the fact of her criminal history to be submitted to a jury.

A Court of Appeals panel rejected Shaylor's claims. *State v. Shaylor*, No. 108,103, 2013 WL 6726265 (Kan. App. 2013) (unpublished opinion). As to the ex post facto argument, the panel reasoned that "neither the United States Supreme Court nor our Supreme Court considers offender registration requirements to be punishment." 2013 WL 6726265, at *3 (citing *Smith v. Doe*, 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 [2003]; *State v. Myers*, 260 Kan. 669, 923 P.2d 1024 [1996], *cert. denied* 521 U.S. 1118 [1997]). The panel further held the lack of a jury finding on the personal use exception did not violate *Apprendi* "because offender registration under KORA does not constitute a sentence enhancement within the meaning of *Apprendi*," since it does not "'implicate *Apprendi*'s essential focus—prohibiting a sentencing judge from imposing "a more severe sentence than the maximum sentence authorized by the facts found by the jury." [Citation omitted.]'" 2013 WL 6726265, at *8 (citing *State v. Chambers*, 36 Kan. App. 2d 228, 238-39, 138 P.3d 405 [2006]). Finally, the panel rejected Shaylor's criminal-history-based *Apprendi* claim citing *Ivory*, 273 Kan. at 46-48. 2013 WL 6726265, at *9.

Shaylor petitioned for review of the panel's decisions on her ex post facto and *Apprendi* claims, which we granted. Jurisdiction is proper. K.S.A. 20-3018(b) (petition for review of Court of Appeals decision); K.S.A. 60-2101(b) (providing Supreme Court jurisdiction over cases subject to review under K.S.A. 20-3018).

### *MEREDITH* CONTROLS THE OUTCOME

This court recently rejected a nearly identical ex post facto claim in *Meredith*. 306 Kan. at __, slip op. at 10. In *Meredith*, we held that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme. We further held that, to

4

overcome that intent, only the "clearest proof" concerning the effects of KORA on the class of drug or violent offenders would suffice. 306 Kan. at __, slip op. at 8-9. Shaylor made no such showing and mentioned, without further factual development, only three statutory factors: (1) informing authorities of changes in domicile; (2) in-person reporting four times each year to verify her registration information; and (3) paying a $20 registration fee each time she reports. But we previously considered each of these arguments and held that lifetime registration requirements imposed on sex offenders do not constitute punishment. See *State v. Petersen-Beard*, 304 Kan. 192, 201-02, 205, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016). But see 304 Kan. at 218 (Johnson, J., dissenting) (arguing registration requirements with which compliance enforced by potential for "going to prison for a new felony" constituted an affirmative disability or restraint on the offender). We hold Shaylor failed to make the required showing, so we have no basis upon which to override the legislative intent previously determined in our caselaw.

Because it is necessary for Shaylor to establish KORA's requirements constitute punishment to prevail on both her ex post facto and personal-use-finding *Apprendi* claims, her inability to do so for the ex post facto claim is also fatal to her personal-use-finding *Apprendi* claim. Relying on *Meredith*, we applied in *Huey* the same principles in rejecting the defendant's argument that a factual finding required to trigger KORA requirements with respect to a conviction must comport with *Apprendi*. 306 Kan. at __, slip op. at 7-8.

Without a factual record, we cannot conclude that KORA's registration requirements as to drug offenders are so punitive as to override the legislature's intent that KORA be a civil remedy. Therefore, Shaylor has not demonstrated, as she must, that the registration requirements constitute punishment. And because the registration requirements did not increase Shaylor's punishment under the law of this case, the

5

retroactive application of KORA registration to her drug conviction does not violate the Ex Post Facto Clause, and it was not necessary that the personal-use finding be made by a jury.

We affirm the lower courts' judgment on the issues subject to our review.

\* \* \*

BEIER, J., dissenting: Consistent with my votes in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017); and *State v. Huey*, 306 Kan. __, __ P.3d __ (No. 109,690 filed August 11, 2017), I respectfully dissent from the majority's decision in this case.

> "Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.