NOT DESIGNATED FOR PUBLICATION

No. 117,032

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIK LAMUNYON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed September 22, 2017. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., PIERRON and GREEN, JJ.

PER CURIAM: When a district court finds that a probationer violated his or her probation, the court must impose intermediate sanctions before revoking probation and imposing the underlying sentence. K.S.A. 2015 Supp. 22-3716(c). Erik Lamunyon appeals the revocation of his probation arguing that the district court abused its discretion when it revoked his probation without imposing an intermediate sanction. But the district court had imposed intermediate sanctions already against Lamunyon, and he continued to violate his probation. Accordingly, we find no abuse of discretion. In addition, Lamunyon contends that his rights were violated when his prior convictions were used to increase his sentence without putting the prior convictions before a jury and proving them beyond a reasonable doubt. But more than 14 days elapsed from Lamunyon's sentencing to the

1

filing of a notice of appeal. So we lack jurisdiction over the portion of his appeal claiming sentencing errors. Accordingly, we affirm in part and dismiss in part.

FACTUAL AND PROCEDURAL HISTORY

Lamunyon pled guilty to one count of failure to register as required by the Kansas Offender Registration Act in violation of K.S.A. 2015 Supp. 22-4903. As a criminal history A, he was sentenced to 40 months in prison but granted a dispositional departure to probation for 24 months. He subsequently served two sanctions for violation of his probation, one for 3 days and one for 120 days. See K.S.A. 2015 Supp. 22-3716(c)(1)(B), (C). Upon being released from jail for his 120-day sanction, he failed to report to community corrections and ran from officers when they tried to apprehend him. After Lamunyon stipulated to the violation, the district judge noted that Lamunyon had a criminal history A when he was sentenced, yet was given a chance at probation. Having violated his probation twice and been given intermediate sanctions, Lamunyon continued to violate his probation. Accordingly, the judge determined revocation and remand to serve the balance of his 40-month sentence was appropriate. Lamunyon appeals.

ANALYSIS

*The district court did not abuse its discretion when it revoked Lamunyon's probation.*

Lamunyon argues that the district court abused its discretion by revoking his probation and imposing the underlying prison sentence. A district court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with its decision. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). Lamunyon has not identified a legal or factual error, so his sole argument is that no reasonable person would have agreed with the district court's decision to revoke his probation rather than giving him another chance. The party asserting error bears the

2

burden of proving an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Lamunyon does not contest the district judge's findings that he violated his probation. In fact, he agreed he violated his probation. He argues only that additional intermediate sanctions were available and the court abused its discretion by not imposing them rather than revoking his probation and remanding him to serve his term. We disagree.

Lamunyon correctly argues that K.S.A. 2015 Supp. 22-3716 limits the discretion of district courts when imposing sanctions on defendants who have violated the terms of their probation so that, typically, a district court must impose a series of graduated sanctions before revoking a defendant's probation. See K.S.A. 2015 Supp. 22-3716(c)(1). After a 2- or 3-day jail sanction under K.S.A. 2015 Supp. 22-3716(c)(1)(B), the court may issue a longer sanction, 120 or 180 days, but only once. K.S.A. 2015 Supp. 22-3716(c)(1)(C), (D). If the probationer violates probation again, after this longer 120-day or 180-day sanction, then the district court may revoke probation and impose the underlying prison sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(E).

In this case, Lamunyon's crime and criminal history placed him in a presumptive prison category. He was granted a dispositional departure to probation to avoid prison. He continued to violate his probation by failing to report and using drugs even after significant sanctions were imposed, including one for 120 days in prison. Based on this, a reasonable person could agree with the district court's conclusion that Lamunyon had demonstrated an unwillingness to comply with the conditions of his probation.

Accordingly, we affirm the district judge's decision to revoke Lamunyon's probation and remand him to serve the balance of his 40-month jail term.

3

*This court lacks jurisdiction to consider a challenge to Lamunyon's sentence.*

Lamunyon contends that his rights were violated when, at his sentencing in 2016, his prior convictions were used to increase his sentence without putting the prior convictions before a jury and proving them beyond a reasonable doubt. Lamunyon's claim fails.

First, an appeal from a sentence must be filed within 14 days of the sentence. See K.S.A. 2015 Supp. 22-3608(c). Lamunyon's sentence was announced from the bench on May 6, 2016. His time to appeal the imposition of his sentence ran out May 20, 2016. This appeal was filed October 31, 2016. Therefore, any claim now is untimely and Lamunyon's attempt to appeal the sentence is dismissed.

Moreover, even if we were to consider Lamunyon's appeal of his sentence on the merits, it still fails. Our Supreme Court has rejected Lamunyon's argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). This court is obligated to follow our Supreme Court's precedent unless it is departing from a prior position; as recently as April 2016, our Supreme Court has declined to revisit *Ivory*. See *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). Therefore, *Ivory* applies, and even if we had jurisdiction to consider this issue, the district judge did not err by using Lamunyon's prior convictions to compute the sentence imposed in this case.

Affirmed in part and dismissed in part.

4