NOT DESIGNATED FOR PUBLICATION

No. 116,829

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY N. MOYE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI A. BOLTON FLEMING, judge. Opinion filed February 9, 2018. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Michael Gayoso Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: Corey N. Moye contends the district court erred by denying his motion to withdraw his plea and by using his criminal history in sentencing him. Finding no error, we affirm.

*Factual and procedural background*

The State charged Moye with attempted murder, aggravated battery, aggravated assault, criminal threat, aggravated escape from custody, and aggravated battery of a law enforcement officer. Moye then agreed to plead no contest to aggravated battery and aggravated assault, and he initialed the provisions of the plea agreement that indicated he

1

understood his rights and the criminal charges. Moye also signed provisions of the plea agreement indicating that he entered into the plea agreement voluntarily and that he was satisfied with his counsel. At the plea hearing, Moye said that he had had enough time to work with his attorney, that he understood his rights, and that no one had coerced him into pleading no contest. Moye told the district court that he had read the plea agreement and that all of his questions about it had been answered.

Before he was sentenced, Moye filed a motion to withdraw his plea and for new counsel. After new counsel was appointed, Moye filed an amended motion to withdraw his plea. Moye asserted that his previous counsel had bullied him into accepting the plea, that he did not understand the plea agreement, that he did not have enough time to consider the plea agreement, and that his cell phones had not been returned to him as contemplated by the plea agreement.

After conducting a hearing, the district court denied Moye's motion to withdraw his plea. It found that Moye understood the plea agreement, that Moye had entered into the plea agreement knowingly and voluntarily, that return of Moye's cell phones was not included in the plea agreement, and that Moye simply wanted to renegotiate his plea agreement. The district court specifically found that Moye's counsel adequately reviewed the evidence with Moye and that Moye had sufficient information to intelligibly enter into the plea agreement.

At sentencing, the district court took into consideration Moye's prior crimes. Moye now appeals, asserting that the district court erred by denying his motion to withdraw his plea and by using his prior crimes in sentencing him.

*Did the district court err by denying Moye's motion to withdraw his plea?*

Moye argues that the district court should have allowed him to withdraw his no contest plea because he did not understand the plea, his counsel failed to provide adequate representation, and the promise of the immediate return of his cell phones was a bargaining chip that pressured him into signing the plea agreement. Moye contends that he was not given enough time to consider the plea agreement or sufficient opportunity to view key evidence.

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2016 Supp. 22-3210(d)(1). Thus Moye bears the burden of showing that the district court abused its discretion by denying his presentence motion to withdraw his guilty plea. See *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006). "A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013).

When determining whether good cause exists to allow a defendant to withdraw a guilty or no contest plea, the district court should consider whether:  "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.' [Citations omitted.]" *Edgar*, 281 Kan. at 36. These *Edgar* factors serve as benchmarks for determining whether good cause exists to allow withdrawal of a guilty or no contest plea, but they should not be mechanically applied or relied upon to the exclusion of other relevant factors. *State v. Garcia*, 295 Kan. 53, 62-63, 283 P.3d 165 (2012). Our review of the record shows that the district court considered the relevant factors. No error of law has been shown.

We note that the same judge who considered Moye's motion to withdraw also presided over Moye's plea proceedings, so she was familiar with the facts. Nothing in the record suggests that Moye's counsel was incompetent. Moye's attorney testified that he reviewed the evidence with Moye. Moye initialed the provisions in the plea agreement stating that he was satisfied with his counsel and that he voluntarily entered into the plea agreement. Similarly, Moye said at his plea hearing that he understood the plea agreement and that he voluntarily pleaded no contest. Nothing in the plea agreement says that Moye's cell phones would be returned to him as consideration for the plea agreement. The record is consistent with the district court's conclusion that Moye merely wanted to negotiate a better deal. No error of fact has been shown.

The district court's decision to deny Moye's motion to withdraw his plea was not arbitrary. Therefore, the district court did not abuse its discretion in denying Moye's motion to withdraw his plea.

*Did the district court violate Moye's constitutional rights by sentencing Moye?*

Moye argues that the trial court's use of his past convictions in determining an appropriate sentence impairs his constitutional rights because the fact of those convictions was not determined beyond a reasonable doubt by a jury in this case. He relies on the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to support that proposition.

Our Supreme Court in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), squarely considered and flatly rejected this same argument. The Court of Appeals is duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its previous position. *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011). We find no indication that our Supreme Court is considering a

4

departure from its holding in *Ivory*. See, e.g., *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014) (Supreme Court has repeatedly affirmed *Ivory*).

Affirmed.