NOT DESIGNATED FOR PUBLICATION

No. 121,349

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMY DUANE SUTTLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 29, 2020. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GARDNER, J. and WALKER, S.J.

PER CURIAM:  As part of a plea agreement with the State, Jimmy Duane Suttle pled guilty to voluntary manslaughter and was given a departure sentence of 165 months in prison. He now appeals his sentence, arguing the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., which requires the use of a defendant's criminal history to calculate such defendant's criminal history score, requires prohibited judicial fact-finding to establish the existence of such prior convictions, contrary to section 5 of the Kansas Constitution Bill of Rights. But because we agree with

1

another panel of our court which recently decided this exact issue contrary to Suttle's position, we reject Suttle's arguments and affirm.

### DOES THE SENTENCING COURT'S USE OF JUDICIAL FINDINGS OF PRIOR CONVICTIONS VIOLATE SECTION 5 OF THE KANSAS CONSTITUTION BILL OF RIGHTS?

On February 5, 2019, Suttle pled guilty to voluntary manslaughter in exchange for dismissal of the remaining charges of robbery, criminal threat, and criminal possession of a weapon. On May 21, 2019, the district court granted Suttle a downward durational departure and sentenced him to 165 months' imprisonment with 36 months' postrelease supervision.

Suttle now appeals his sentence and argues for the first time that the KSGA's use of judicial findings to establish his prior convictions for criminal history purposes is unconstitutional under section 5 of the Kansas Constitution Bill of Rights. While constitutional claims typically cannot be raised for the first time on appeal, we agree with Suttle that we may consider the merits of his constitutional challenge because it is necessary to prevent the denial of a fundamental right. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). A constitutional challenge to the KSGA involves a question of law subject to unlimited review. *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002).

In calculating a defendant's presumptive sentence, the severity level of the defendant's crime and the defendant's criminal history score are used. K.S.A. 2019 Supp. 21-6804. A defendant's criminal history score is calculated by tabulating the defendant's prior convictions, if any, and then scoring each prior conviction as a person or nonperson crime and as a felony or misdemeanor. K.S.A. 2019 Supp. 21-6810. This criminal history score is determined by the sentencing court, not a jury, typically by relying on a presentence investigation report. K.S.A. 2019 Supp. 21-6814(a). A defendant's sentence

for a particular crime may vary greatly depending on the defendant's criminal history score. See K.S.A. 2019 Supp. 21-6804(a).

Section 5 of the Kansas Constitution Bill of Rights guarantees the right to a jury trial: "The right of trial by jury shall be inviolate." Kan. Const. Bill of Rights, § 5. The right to a jury trial is a basic and fundamental right. *State v. Love*, 305 Kan. 716, 734, 387 P.3d 820 (2017). "'Section 5 preserves the jury trial right as it historically existed at common law when our state's constitution came into existence.'" *Love*, 305 Kan. at 734. Seizing on this rule, Suttle argues that the common law required a defendant's criminal history be proven to a jury at the time the Kansas Constitution came into existence and, thus, the KSGA—which allows judicial findings of criminal history—is unconstitutional under section 5.

Another panel of our court recently addressed this issue. In *State v. Albano*, No. 120,767, 2020 WL 1814326 (Kan. App. 2020), the defendant challenged the KSGA's use of judicial findings of prior convictions. The panel rejected Albano's section 5 argument for two reasons. First, Albano provided no authority to support that section 5 provides greater protection than the federal jury trial right, which does not require a jury to determine prior convictions. 2020 WL 1814326, at *6; see also *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App.) (unpublished opinion) (rejecting same challenge to KSGA and finding appellant failed to show section 5 provided greater protection than federal jury trial right), *rev. denied* 310 Kan. 1070 (2019). Second, the *Albano* panel found her argument failed under a section 5 analysis. *Albano*, 2020 WL 1814326, at *11.

The *Albano* panel explained that under a section 5 analysis:

3

"[T]he court engages in a two part analysis, asking: (1) 'In what types of cases is a party entitled to a jury trial as a matter of right?'; and (2) 'when such a right exists, what does the right protect?'

"Under the first prong of the analysis, a criminal prosecution is the type of case in which a defendant is entitled to a jury trial as a matter of right. But in addressing the second question, the jury trial right in section 5 '"applies no further than to give the right of such trial upon issues of fact so tried at common law."' [Citations omitted.]" 2020 WL 1814326, at *8.

The panel then examined the authorities Albano relied on to support her contention that at common law a jury had to find prior convictions. The *Albano* panel found the authorities cited did not show there was a common law right to have a jury find prior convictions. The panel explained the "authorities suggest that at best there was a historical split on whether prior convictions must be proven to a jury. . . . Neither side definitively identifies an established common law rule about who needed to make [prior conviction] findings." 2020 WL 1814326, at *10.

The *Albano* panel then examined Kansas caselaw and found that early in our state's history, the Kansas Supreme Court recognized the split of authorities on whether prior convictions must be proven to a jury and concluded: "'In this state it is no concern of the jury what the penalty for a crime may be, and it is just as well that the jurors' minds should not be diverted from the question of defendant's innocence or guilt by facts concerning defendant's prior convictions of other felonies.' [*State v. Woodman*, 127 Kan. 166, 172, 272 P. 132 (1928)]." 2020 WL 1814326, at *11. The *Albano* panel also cited *Levell v. Simpson*, 142 Kan. 892, 894, 52 P.2d 372 (1935), where the Kansas Supreme Court stated that "'[the defendant] had no such privilege under Kansas law'" when the defendant argued he had a right under the state and federal Constitutions to have a jury determine whether he had prior convictions. 2020 WL 1814326, at *11. Based on this authority, the *Albano* panel concluded Albano's argument failed under a section 5

analysis because she did not establish there was a common law right to have a jury determine prior convictions and Kansas has always held a defendant does not have a state constitutional right to have a jury determine prior convictions. 2020 WL 1814326, at *11.

Suttle presents to us the exact same argument and authorities as Albano and concedes the *Albano* panel rejected the same section 5 challenge to the KSGA. However, he provides no additional authority or argument that would undermine the *Albano* panel's analysis on this issue. We find the *Albano* panel's reasoning persuasive and are thus unpersuaded by Suttle's arguments because section 5 does not prohibit the KSGA's use of judicial fact-finding to establish a defendant's criminal history.

Affirmed.