NOT DESIGNATED FOR PUBLICATION

No. 121,804

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT BRAVEHAN SHUTTS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed July 31, 2020.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

BEFORE GREEN, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM:  Robert B. Shutts appeals the district court's use of his prior criminal history to increase his sentence without proving his criminal history to a jury beyond a reasonable doubt. We granted Shutts' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). After reviewing the record, we affirm.

In April 2018, Shutts pleaded guilty to one count of nonresidential burglary, a level 7 nonperson felony, and one count of theft, a class A misdemeanor. The district court found that Shutts had previously been convicted of five nonperson felonies and scored his criminal history as E. Accordingly, the court sentenced Shutts to 24 months of probation and stayed his sentence of 21 months in prison and 12 months in county jail.

1

On appeal, Shutts asserts that the district court violated his constitutional rights by using his criminal history to increase his sentence. He argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the State had to prove his criminal history to a jury beyond a reasonable doubt before the district court could use that criminal history to calculate his criminal history score.

But the Kansas Supreme Court has long held that *Apprendi* does not preclude sentencing courts from considering defendants' prior convictions when calculating their sentences. See *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002). This court is duty-bound to follow Kansas Supreme Court precedent unless the court has indicated it is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We find no indication of departure, as our Supreme Court has repeatedly confirmed *Ivory*'s holding. See, e.g., *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Castleberry*, 301 Kan. 170, 191, 339 P.3d 795 (2014); *State v. Adams*, 294 Kan. 171, 185, 273 P.3d 718 (2012). And as our Supreme Court noted in *Ivory*, *Apprendi* holds that any fact increasing the penalty for a crime "[o]ther than the fact of a prior conviction" must be submitted to a jury and proven beyond a reasonable doubt. 273 Kan. at 46 (citing *Apprendi*, 530 U.S. at 490). Thus, the district court did not err by using Shutts' prior criminal history to calculate his criminal history score.

Affirmed.

2