NOT DESIGNATED FOR PUBLICATION

No. 122,310

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TONY DEANDRO RAINES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Cowley District Court; NICHOLAS M. ST. PETER, judge. Opinion filed August 28, 2020. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).


Before GREEN, P.J., ATCHESON and BRUNS, JJ.


PER CURIAM: Defendant Tony Deandro Raines appeals the sentences the Cowley County District Court imposed on him following his guilty pleas to fleeing or attempting to elude a law enforcement officer in violation of K.S.A. 2019 Supp. 8-1568(b)(1), a severity level 9 person felony; and driving while a habitual violator in violation of K.S.A. 2019 Supp. 8-287, a Class A misdemeanor. Raines contends the district court abused its discretion in denying his request for probation and erred in considering his criminal history on the felony because his past convictions had not been proved to a jury. Because Raines received a guidelines sentence on the felony, we have no jurisdiction to consider the appeal from that conviction. We find no abuse of discretion in the sentence the district court imposed on the misdemeanor. We, therefore, affirm in part and dismiss in part.

1

Raines committed the offenses on April 11, 2019; the underlying circumstances are irrelevant to this appeal. He entered his pleas in May, and the district court adjudged him guilty. The district court sentenced Raines in November. The district court found Raines had a criminal history score of C, so the presumptive guidelines sentencing range for fleeing or attempting to elude conviction was 11 to 13 months in prison with probation. But Raines was on conditional release when he committed the offenses, so a special rule applied permitting the district court to disregard the presumption of probation and to incarcerate Raines. See K.S.A. 2019 Supp. 21-6604(f)(1). The district court sentenced Raines to 12 months in prison followed by 12 months of postrelease supervision on his conviction for fleeing or attempting to elude. On the misdemeanor habitual violator conviction, the district court sentenced Raines to six months in the county jail to be served concurrently with the prison time and fined him $100. The district court ordered the sentences in this case to be served consecutively to a sentence imposed on Raines in another case.

Raines has appealed. After the appeal was docketed, Raines filed a motion for summary disposition. See Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We granted the motion.

In his motion for summary disposition, Raines acknowledges he received a guidelines sentence for the felony fleeing or attempting to elude conviction and presumptive guidelines sentences are not appealable. See K.S.A. 2019 Supp. 21-6820(c)(1). Accordingly, we do not have jurisdiction to review the felony sentence and dismiss that part of Raines' appeal. We mention that the Kansas Supreme Court has consistently rejected the criminal history challenge he wishes to raise based on a purported violation of his right to jury trial under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). See *State v. Razzaq*, 309 Kan. 544, 552, 439 P.3d 903 (2019); *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016); *State v.*

*Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 45-47, 41 P.3d 781 (2002).

As to the sentence the district court imposed on Raines for the misdemeanor habitual violator conviction, we find no abuse of discretion. A district court exceeds its discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). Here, in sentencing Raines, the district court specifically referred to his two previous convictions for fleeing or attempting to elude and his eight previous convictions for driving while suspended. That record evinces an unsuitability to probation on the habitual violator conviction. The district court, therefore, did not overstep its broad judicial discretion in denying Raines' request for probation.

Affirmed in part and dismissed in part.