NOT DESIGNATED FOR PUBLICATION

No. 116,835

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE EUGENE AVILA JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed September 1, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

*Per Curiam*: Dale Eugene Avila Jr. appeals from the district court's decision to sentence him to jail instead of to probation. Finding no abuse of discretion, we affirm.

In August 2016, Avila pleaded guilty to crimes in three cases: criminal threat, stalking, and domestic violence (second offense). In a combined plea agreement for these three cases, the State agreed to recommend probation unless Avila violated a condition of bond, failed to appear in court as ordered, or committed a new crime. Avila breached that agreement by failing to appear as ordered at his sentencing hearing.

At the rescheduled sentencing hearing, the State requested that the district court sentence Avila to 12 months in jail for the domestic violence charge and 7 months in

1

prison for the criminal threat and stalking charges. Avila requested probation. The district court applied a special rule because Avila had committed one of the crimes while on felony bond—it denied probation and sentenced Avila in accordance with the State's request. Avila timely appeals. The parties agreed to summary disposition of this appeal pursuant to Kansas Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48).

Avila first argues that the district court abused its discretion in denying his request for probation. A judicial action constitutes an abuse of discretion only if (1) no reasonable person would take the view adopted by the trial court; (2) the decision is based on an error of law; or (3) the decision is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Avila does not contest the fact that he breached the plea agreement which would otherwise have bound the State to argue for his probation. Thus no error by the State has been shown. Similarly, no error by the district court has been shown. By statute, a district court has discretionary authority to impose a prison sentence when an offender commits a new crime while on felony bond, even if the new crime has a presumptive sentence of nonimprisonment. K.S.A. 2016 Supp. 21-6604(f)(4). Avila committed a felony while he was on felony bond, so this statute applies. We find the district court acted within its authority and within its discretion.

Avila also argues that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his criminal history in determining his sentence. But our Supreme Court flatly rejected that argument in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), and we are bound by that decision absent some indication the court is departing from its previous position. *State v. Singleton*, 33 Kan. App. 2d 478, 488, 104 P.3d 424 (2005). We find no such indication.

Affirmed.