NOT DESIGNATED FOR PUBLICATION

No. 117,954

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FRANKLIN DONNIE STEVENS DOUGHERTY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed July 20, 2018. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Kathryn Devlin*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., PIERRON, J., and WALKER, S.J.


PER CURIAM:  Franklin Donnie Stevens Dougherty claims the district court abused its discretion in denying his presentencing motion to withdraw his guilty plea. Dougherty argues that his guilty plea was not fairly and voluntarily made because he was under duress at the time of the plea hearing. He argues the district court erred for two reasons: (1) The court found there was no evidence to support his claims and (2) the court failed to appropriately apply the factors articulated in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Finding no abuse of discretion, we affirm the district court's judgment.

1

In addition, Dougherty argues the sentencing court violated his Sixth and Fourteenth Amendment rights under the United States Constitution as explained in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his criminal history to enhance the length of his sentence. Following established precedent, we also affirm his sentence.

FACTS

Dougherty pled no contest to one count of possession with the intent to distribute methamphetamine and one count of criminal possession of a firearm by a convicted felon. As part of the plea agreement, the State dismissed a misdemeanor theft charge.

During the plea hearing, the district court explained the plea agreement to Dougherty. Dougherty confirmed that he read over the plea agreement and "signed off" on its terms. The court then explained to Dougherty the rights he would be giving up by entering the agreement and waiving his right to a jury trial. Dougherty confirmed that he understood those rights and had no questions about them.

The district court asked Dougherty whether anybody had threatened or pressured him to enter into the plea agreement, and he confirmed that no one had done so. Dougherty stated that he had enough time to talk to his attorney about the agreement and the facts of his case, as well as the consequences he was facing. Dougherty stated he was satisfied with his attorney's work on the case. The court then discussed the maximum punishment Dougherty faced, including the fact that his sentence was presumptive imprisonment.

After Dougherty provided the facts supporting the charges, the district court accepted Dougherty's guilty pleas to one count of possession with intent to distribute methamphetamine and one count of criminal possession of a firearm. The court ruled that

2

the pleas were voluntarily made with an understanding of the nature and the consequences of the plea. The court found Dougherty guilty.

Before his sentencing hearing Dougherty moved to withdraw his pleas, claiming he was under duress at the time of the plea and was unable to fairly and voluntarily make his pleas. Specifically, he indicated that the full plea offer was not conveyed to him until he was in the courtroom on the morning of the plea hearing. He claimed he was told that if he did not accept the plea offer that day, it would be withdrawn. Dougherty stated that his duress was a result of the short deadline and the last-minute terms, and he did not have sufficient time to address the plea offer with counsel. Dougherty asserted he was unfairly coerced, mistreated, or unfairly taken advantage of, resulting in duress and an involuntary plea.

At a hearing on the motion, Dougherty failed to appear. At that time, defense counsel asked to withdraw from the case, and her request was granted by the district court. New counsel was appointed to Dougherty's case.

At the rescheduled evidentiary hearing on Dougherty's motion, newly appointed counsel explained that Dougherty had initially been led to believe that he would be entering a plea and would be placed on probation, but he was told on the day of the hearing that the plea would most likely result in a sentence of 136 months in prison. Dougherty's counsel said that Dougherty was told that if he did not plead, the charges would be amended up to a severity level 1 person felony due to the proximity of a school to the location of the drug crime. In addition, Dougherty claimed he was told that if he rejected the plea offer, he would have his bond immediately revoked and he would be taken into custody. Because of those reasons, counsel explained that Dougherty felt pressured to enter into the plea agreement.

Dougherty briefly testified as the only witness at the evidentiary hearing. He said that the day before the plea hearing, he understood that he would be sentenced to 136 months in prison, but he would be placed on probation with drug treatment. But on the day of the plea hearing, he said he was told by his defense attorney that he would have to agree to 136 months in prison or the State would amend the charge up to a severity level 1 drug offense. Dougherty said he told his attorney that this was not what she said he would get, but she responded by telling him it was the current offer. Dougherty testified he signed the agreement under duress because he was upset, not thinking clearly, and not prepared to go back to jail that day.

After reviewing the motion and hearing the testimony, the district court judge stated:

> "[T]he court has reviewed the motion as well as the transcript, and there is no evidence to support these challenges to the circumstances that existed back in July of . . . 2016. I carefully went over, as the transcript relates, all of his rights as well as these consequences. I asked if he was under duress or pressure.
>
> "I—at the conclusion—he's now saying that they were going to pull his bond, but at the end of the hearing, I talked to him about, You are on bond, and make sure you continue to stay law-abiding during this time period. He didn't say, Well, Judge, they were going to pull my bond if I didn't plead, or, you know, I got this real problem here, Judge, or, They talked about taking my bond away from me. None of that appears in the record, and the only one now saying that is Mr. Dougherty, that that was going to be an issue."

The district court also noted it considered that the State would be prejudiced due to the amount of time that passed between the plea and sentencing, as well as the benefit Dougherty received for being out of custody and not having to face the consequences of the case during that time.

4

The district court concluded there was a "lack of evidence" to show that Dougherty was unduly persuaded, mistreated, or coerced, and the court denied relief. Dougherty has timely appealed from the district court's denial of his motion to withdraw his plea.

ANALYSIS

On appeal, Dougherty's initial contention is that the district court erred when it denied his presentence motion to withdraw his plea. First, he claims the district court erred when it stated there was no evidence to support his claim. Second, he argues the district court misapplied the *Edgar* factors and the "good-cause" standard in considering his motion. See 281 Kan. at 36.

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentencing is adjudged." K.S.A. 2017 Supp. 22-3210(d)(1). On appeal, we review the district court's decision to deny a presentence motion to withdraw a plea for any abuse of discretion. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). The district court abuses its discretion when its action is based on an error of law or of fact or when no reasonable person would have taken the view adopted by the district court. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Here, Dougherty bears the burden of showing that the district court abused its discretion. See *Schaal*, 305 Kan. at 449. In considering this claim, we do not reweigh the evidence or assess credibility of the witnesses, but rather we defer to the district court's factual findings so long as they are supported by substantial competent evidence. See *State v. Miller*, 293 Kan. 535, 547, 264 P.3d 461 (2011).

When determining whether the defendant has established good cause to grant a motion to withdraw a plea, we apply the factors spelled out in *Edgar*: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.'" *State v. Macias-Medina*, 293 Kan. 833, 837, 268 P.3d 1201 (2012) (quoting *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 [2010]); see *Edgar*, 281 Kan. at 36. "All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." *Aguilar*, 290 Kan. at 513.

Dougherty first argues the district court erred by stating there was no evidence to support his claims. Dougherty argues this conclusion was incorrect because his own testimony supported his claims, thus the district court incorrectly concluded there was no actual evidence.

At the conclusion of the evidentiary hearing, the district court judge—who was the same judge that presided over the plea hearing— stated that he reviewed the motion and the plea hearing transcript. After reviewing everything, the district court judge concluded that Dougherty's claims were not supported by evidence, and he denied the motion. He stated: "[I]t's just not supported by the record or the evidence presented today."

Dougherty asserts the district court made an erroneous factual finding when it concluded that Dougherty failed to present evidence to support his claims. He points to *Schaal* for support. In that case, the defendant claimed the district court did not accurately remember the questions asked at the plea colloquy and therefore its legal conclusion was not supported by facts in the record. Our Supreme Court concluded that the district court's factual finding that the defendant lied was based on the district court judge's faulty recollections about what had occurred at the plea hearing. Because of this mistake in fact,

6

the court held the district court abused its discretion by relying on facts that were not supported by substantial competent evidence in the record. 305 Kan. at 451-52.

The same is not true in this case. Unlike in *Schaal*, the district court here did not rely on his memory, but carefully reviewed the transcript of the plea hearing and matched its contents up against Dougherty's testimony at the motion hearing, before making his factual findings.

Dougherty claims that the district court erroneously referred to a lack of evidence to support his claims, and he finds significance in the fact the State did not present any evidence at the hearing nor did the State cross-examine Dougherty. But in making this assertion, Dougherty fails to recognize that he has the burden of proof to show good cause to allow him to withdraw his plea.

Dougherty does not dispute that the district court reviewed the evidence presented before ruling there was no credible evidence supporting Dougherty's claims. The fact that the district court stated it found no evidence rather than no substantial competent evidence or no credible evidence is of no consequence when the record reflects the court reviewed and considered the evidence, including the record of the plea hearing, before ruling on the motion.

Dougherty next claims the district court abused its discretion by failing to apply the appropriate legal standards in denying his motion to withdraw his plea. Dougherty's argument focuses on the second and third *Edgar* factors. He asserts that the last minute change in terms, the rapid deadline for making a decision about whether to accept the plea, and the fear of the consequences of declining the plea offer rendered him in a state of duress. And because he was under duress, Dougherty claims his plea was not fairly and understandingly made. The facts here support an opposite conclusion.

Dougherty acknowledges that his arguments contradict the statements that he made at the time of his plea hearing. Dougherty informed the district court (1) he had not felt threatened or pressured to accept the plea, (2) he had enough time to discuss the plea with counsel, (3) he understood the punishment he was facing, and (4) he was satisfied with counsel's performance. In making its decision, the district court duly noted that none of the information Dougherty presented to him at the evidentiary hearing on the motion to withdraw his plea had been mentioned to the court during the plea hearing.

Dougherty asserts that the district court failed to use the proper standards because the court did not make reference to either the good-cause standard or the *Edgar* factors. In support of his argument, Dougherty cites to *Aguilar*, 290 Kan. 506, Syl. ¶ 2. In *Aguilar*, the defendant argued good cause to withdraw her plea based on incompetent counsel. She asserted a conflict of interest based on the fact that counsel also represented her codefendant. Rather than inquiring into the conflict, the district court applied the wrong standard and found that counsel was not ineffective. The Kansas Supreme Court held the district court abused its discretion and remanded for further proceedings. 290 Kan. at 515. Significantly, the court noted that Aguilar met her burden to show good cause to withdraw her plea "[u]nder the particularly egregious facts" showing a potential conflict of interest. 290 Kan. at 515.

Here, the district court failed to explicitly reference the good-cause standard when it denied Dougherty's motion. However, unlike in *Aguilar*, there is no evidence that the district court applied the wrong standard or misapplied the *Edgar* factors. Both defense counsel and the State referred to the correct legal standards in their written motions and at the evidentiary hearing. In ruling, the district court noted "the lack of evidence to show that [Dougherty] was unduly persuaded or he was mistreated or coerced" before denying the motion. Thus the district court effectively applied the second and third *Edgar* factors in substance, without explicitly calling out the name of the Supreme Court case from which they emanated.

8

The district court also mentioned the potential prejudice to the State if the motion was granted as well as the benefit received by Dougherty by pleading. But these comments were made only *after* the district court first determined there was a lack of evidence supporting Dougherty's allegation that his plea was not fairly and understandingly made.

Here, Dougherty fails to show that the district court relied on any error of fact or law. Finally, *Aguilar* is easily distinguished because there were egregious facts showing a potential conflict of interest. Dougherty makes no similar allegation here.

In summary, the record supports the district court's finding that Dougherty voluntarily and understandingly entered into the plea agreement. Considering the record as a whole, a reasonable person could agree with the district court's decision that Dougherty failed to show good cause to withdraw his plea. Dougherty fails to demonstrate any abuse of discretion in the district court's denial of his motion to withdraw his guilty plea.

Dougherty's final argument is that the sentencing court erred when it used his criminal history to enhance his presumptive prison sentence without first submitting his criminal history to a jury for proof beyond a reasonable doubt as explained by the United States Supreme Court in *Apprendi*, 530 U.S. 466. He concedes in his brief that the Kansas Supreme Court previously rejected this claim in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). But he claims that *Ivory* was wrongly decided and states that he includes this issue to preserve it for possible federal review. Under *Ivory*, this claim fails. See *State v. Barber*, 302 Kan. 367, 386, 353 P.3d 1108 (2015).

Affirmed.