NOT DESIGNATED FOR PUBLICATION

No. 121,291

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JANDREA S. SIEBOLD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed July 31, 2020. Affirmed.

*Brenda M. Jordan*, of Brenda Jordan Law Office LLC, of Manhattan, for appellant.

*Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.


PER CURIAM: Jandrea S. Siebold was convicted of drug related crimes and sentenced under the Kansas Sentencing Guidelines Act (KSGA) with a criminal history score of E. On appeal, Siebold argues that the district court violated her constitutional rights by relying on judicial findings that she had prior convictions to sentence her—as opposed to requiring a jury to find that she had prior convictions. Because we agree with and incorporate the analysis of another panel of this court in *State v. Albano*, 58 Kan. App. 2d 117, Syl. ¶ 4, 464 P.3d 332 (2020), *petition for rev. filed* May 6, 2020—which was faced with the same argument—we find that the district court's use of judicial findings of prior convictions to sentence a defendant under the Kansas Sentencing Guidelines Act does not violate section 5 of the Kansas Constitution Bill of Rights.

1

FACTUAL AND PROCEDURAL HISTORY

The facts surrounding the underlying crimes are unimportant to the issues on appeal. Suffice it to say that Siebold was convicted of felony possession of a controlled substance and misdemeanor possession of drug paraphernalia in a trial by jury. The district court found that Siebold had a criminal history score of E, sentenced her to an underlying 20-month sentence, and granted her probation.

Siebold filed a timely notice of appeal.

ANALYSIS

Siebold's sole argument on appeal is that the district court violated her rights when it used her prior convictions to elevate her sentence without the State having to prove the existence of her prior convictions to the jury. Our review is unlimited. *State v. Moore*, 302 Kan. 685, 708, 357 P.3d 275 (2015).

Siebold acknowledges that she did not challenge the constitutionality of the KSGA before the district court and, typically, an issue cannot be raised for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). The general rule also applies to a newly asserted constitutional question. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). However, Siebold sufficiently argues that she may raise this issue for the first time on appeal under two exceptions to the general rule—the newly asserted theory only involves a question of law arising out of admitted facts and is finally determinative of the case and consideration of the theory is necessary to serve the ends of justice. 299 Kan. at 493. So we will proceed to the merits of her claim.

Siebold argues that section 5 of the Kansas Constitution Bill of Rights grants her the right to require any fact, including the existence of her prior criminal convictions, that

2

would enhance her sentence to be proven to a jury. Siebold acknowledges that the right to a jury trial present in the United States Constitution has been interpreted to allow judicial fact-finding of a defendant's prior convictions. See *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). But, she argues, the Kanas Constitution goes further than the federal Constitution and bars judicial fact-finding of a defendant's prior conviction. She asserts that at the time the Kansas Constitution was enacted, defendants had a common-law right to a jury trial on "penalty-enhancing prior conviction findings." This is not a novel argument before this court.

This court addressed the same argument in *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019). In *Valentine*, this court rejected Valentine's argument that the sentencing scheme set out in the KSGA was unconstitutional because of the status of the American common law at the time Kansas became a state. We noted that the "Kansas Supreme Court has repeatedly rejected the argument that the KSGA violates the Sixth and Fourteenth Amendments to the United States Constitution. See *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002)." 2019 WL 2306626, at *6. This court went on to say that "it [was] incumbent on Valentine to provide authority showing our Supreme Court interprets—or would interpret—§ 5 of the Kansas Constitution Bill of Rights to require jury findings that the Sixth Amendment does not." 2019 WL 2306626, at *6. Valentine failed to do so. 2019 WL 2306626, at *6.

More recently, this court addressed the same issue in *State v. Albano*. In *Albano*, Albano argued that section 5 to the Kansas Constitution Bill of Rights provided greater protection than the jury trial right in Sixth Amendment of the United States Constitution. This court began by noting that the Kansas Constitution is "interpreted similarly to its federal counterpart even though the language may differ. 58 Kan. App. 2d at 128; see *State v. Lawson*, 296 Kan. 1084, 1091, 297 P.3d 1164 (2013) (noting Kansas Supreme

3

Court generally adopts the United States Supreme Court's interpretation of corresponding federal constitutional provisions).

*Albano*, citing to Justice Thomas' concurrence in *Apprendi v. New Jersey*, 530 U.S. 466, 500-01, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—which Siebold also cites here—argued that when the Kansas Constitution was enacted, defendants had a common-law right to require the State to prove prior convictions to a jury. The *Albano* court noted that Justice Thomas' concurrence was persuasive only and was not supported by the rule announced by the majority. 58 Kan. App. 2d at 131.

Instead, the court in *Albano* recognized that the Kansas Supreme Court held, as early as 1928, that "'it is no concern of the jury what the penalty for a crime may be, and it is just as well that the jurors' minds should not be diverted from the question of defendant's innocence or guilty by facts concerning defendant's prior convictions of other felonies.'" 58 Kan. App. 2d at 133 (quoting *State v. Woodman*, 127 Kan. 166, 172, 272 P. 132 (1928). And just seven years later, the Kansas Supreme Court stated that a defendant has no right under the state or federal constitution to have a jury determine whether he had prior convictions. *Levell v. Simpson*, 142 Kan. 892, 894, 52 P.2d 372 (1935). Ultimately, the court in *Albano* held that section 5 of the Kansas Constitution Bill of Rights did not prohibit the KSGA's use of judicial findings of criminal history. *Albano*, 58 Kan. App. 2d at 134.

Siebold makes the same arguments in this case which failed in *Albano*. We adopt the well-reasoned opinion of the panel in *Albano* and find that section 5 of the Kansas Constitution Bill of Rights does not require that the State prove to the jury the existence of prior convictions. The district court did not violate Siebold's constitutional rights when it sentenced Siebold as a criminal history E without a jury first determining whether Siebold had prior criminal history.

Affirmed.