NOT DESIGNATED FOR PUBLICATION

No. 123,846

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KHAMRY LOUISE STONE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed November 24, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM: Khamry Louise Stone appeals the district court's imposition of a presumptive sentence, arguing the district court violated her constitutional rights by using her criminal history to increase her sentence without requiring the State to prove that criminal history to a jury and by placing her on probation with community corrections instead of court services. We granted Stone's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In its response, the State does not object to summary disposition but asks that we uphold her sentence. After a review of the record, we affirm.

1

Pursuant to a plea agreement, Stone pleaded no contest to possession of a controlled substance and criminal trespass, crimes she committed in June 2020. At sentencing on March 25, 2021, both parties asked the district court to follow the plea agreement and impose the presumptive sentence. However, Stone objected to her probation placement with community corrections instead of court services, contesting her LSI-R (a risk and needs assessment tool which attempts to gauge a defendant's risk of reoffending) score. Because the LSI-R score determines whether a defendant is placed on probation with community corrections versus court services, Stone complained that her LSI-R score was incorrect because the questions posed had not been standardized, and she objected to the scores given to a number of the questions asked. The district court rejected her complaints, followed the plea agreement, and imposed a presumptive sentence of 13 months in prison with probation from that sentence for 18 months.

For the first time on appeal, Stone asserts the district court violated her constitutional rights when it used her criminal history to increase her sentence without proving that criminal history to a jury beyond a reasonable doubt, contrary to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Whether the revised Kansas Sentencing Guidelines Act, K.S.A. 2020 Supp. 21-6801 et seq., violates a defendant's constitutional rights is a legal question reviewed de novo. *State v. Albano*, 313 Kan. 638, 641, 487 P.3d 750 (2021). As Stone acknowledges, the Kansas Supreme Court has previously rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 (2002), and it recently reaffirmed this holding in *State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018). As our Supreme Court has given no indication it has changed its view, we are duty-bound to follow it. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Next, Stone claims the district court erred by placing her on probation with community corrections instead of court services. Generally speaking, the district court, when granting probation, has broad discretion to impose conditions of probation which

are designed to serve the probationer and the community. *State v. Spencer*, 31 Kan. App. 2d 681, 683, 70 P.3d 1226 (2003); see K.S.A. 2020 Supp. 21-6607(a). But K.S.A. 75-5291(a)(2)(A) limits placement with community corrections to adult felony offenders who are determined to be moderate risk, high risk, or very high risk according to a statewide standardized risk assessment tool. Thus, assuming compliance with K.S.A. 75-5291(a)(2)(A), we review Stone's placement with community corrections for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

The record shows Stone's LSI-R score placed her in the maximum risk category, authorizing her placement with community corrections. The district court had a lengthy discussion with Stone's attorney about the scoring of the LSI-R. The district court pointed out that counsel, by his arguments, was demonstrating that he did not understand the scoring system. Stone did not present any evidence from someone familiar with scoring the LSI-R that it was scored incorrectly. She did not proffer to the court what she believed her score would be if properly scored. The district court also noted that Stone's score was a 37 when the cut-off was 23. So this was not a case where her score could be considered borderline. She was clearly above the cut-off and firmly within the maximum risk category. In fact, the district court noted that if the arguments made by her attorney were accepted, her score would be even higher. Likewise, on appeal Stone makes no argument to us why or how her LSI-R was scored incorrectly; thus, we regard any argument that Stone's placement violates K.S.A. 75-5291(a)(2)(A) as being waived. See *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018) (point not argued deemed abandoned). Given the record before us, we are unpersuaded that the district court abused its discretion by assigning Stone's probation to community corrections.

Affirmed.