NOT DESIGNATED FOR PUBLICATION

No. 124,068

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS W. BOWEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed February 18, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before WARNER, P.J., CLINE, J., and RACHEL L. PICKERING, District Judge, assigned.

PER CURIAM: Travis W. Bowen appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Bowen's motion for summary disposition in lieu of briefing under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). We find no error and affirm the district court's ruling.

Bowen pled guilty to possession of marijuana with two or more prior convictions in violation of K.S.A. 2019 Supp. 21-5706(b)(3) and (c)(3)(C), a severity level 5 nonperson felony, based on an incident that occurred on December 26, 2019. On August 21, 2020, the district court granted a downward dispositional departure and

sentenced Bowen to 12 months' probation with an underlying 40-month prison sentence, along with 12 months' postrelease supervision.

Three months later, in November 2020, the State moved to revoke Bowen's probation alleging that Bowen had violated the conditions of his probation by: (1) being arrested on November 17, 2020, for driving while his license was cancelled/suspended/revoked (second offense), fleeing and eluding (third offense), possession of opiate, narcotic, or certain stimulants (second offense), and use or possession with intent to use drug paraphernalia into the human body; and (2) admitting to using methamphetamine on September 20, 2020. On March 31, 2021, the district court held both a probation revocation hearing in the current case (19 CR 993) and a plea hearing in his new case (20 CR 815). In 20 CR 815, Bowen pled guilty to one count of fleeing or attempting to elude in violation of K.S.A. 2020 Supp. 8-1568(b)(1)(E), a severity level 9 person felony. Bowen also admitted to violating his probation in 19 CR 993. The district court found Bowen guilty of violating his probation based on his admission and guilty plea. On May 21, 2021, the court imposed Bowen's underlying 40-month prison sentence as well as a 16-month prison sentence in 20 CR 815, to run concurrent. In the journal entry of the probation violation hearing, the court stated that it revoked Bowen's probation under K.S.A. 22-3716(c)(7) based on Bowen's commission of a new crime.

Bowen presents two arguments on appeal. First, he argues the district court erred in using his prior criminal history without having a jury prove it beyond a reasonable doubt, violating his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). But Bowen concedes the Kansas Supreme Court rejected this argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Since the Kansas Supreme Court reaffirmed its position in *Ivory* in *State v. Albano*, 313 Kan. 638, 643, 487 P.3d 750 (2021), we have no indication it is departing from its position in *Ivory*. We reject Bowen's argument on this basis.

Second, Bowen argues the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence rather than reinstating his probation. Judicial discretion is abused if the decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on a factual error. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). Bowen, as the party asserting the district court abused its discretion, bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). In support of his argument, Bowen asserts multiple reasons why he claims his probation should have been reinstated: (1) He entered a plea in both this case and his new case; (2) he took responsibility for his new crime and for violating his probation; (3) he had support from his family and friends; and (4) he graduated from drug treatment and continued to report weekly. He argues that he would have been better served by continuing with probation.

Under the probation revocation statute, a district court must first exhaust the required intermediate sanctions before revoking a defendant's probation, unless it finds that a statutory exception applies, allowing it to bypass the intermediate sanctions. See K.S.A. 2019 Supp. 22-3716(c). One exception allows the district court to revoke probation without first imposing intermediate sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2019 Supp. 22-3716(c)(7)(C). The district court revoked Bowen's probation based on this exception.

Because the record supports the district court's finding that Bowen committed a new crime while on probation, it was within the court's legal authority and discretion to revoke Bowen's probation pursuant to K.S.A. 2019 Supp. 22-3716(c)(7)(C). And, under these circumstances, the court's decision was reasonable. We find no error and affirm the district court's decision.

Affirmed.