NOT DESIGNATED FOR PUBLICATION

No. 124,852

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY BROOKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed August 5, 2022.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM:  Corey Brooks appeals his sentence claiming the district court erred
in using his criminal history without presenting it to a jury and proving it beyond a
reasonable doubt. We granted Brooks' motion for summary disposition under Supreme
Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Based on the record, we find the district
court did not err when it relied on Brooks' criminal history at sentencing and affirm.

FACTUAL AND PROCEDURAL HISTORY

In August 2021, Brooks entered a no-contest plea to possession with intent to
distribute K2 and aggravated child endangerment for acts that occurred on April 7, 2021.
The district court informed Brooks that the maximum sentence for these offenses were 51

1

and 17 months in prison, respectively. Before accepting Brooks' plea, the district court explained the impact criminal history would have on sentencing and the process the court would use to determine his sentence.

At sentencing, the district court found Brooks' criminal history score to be C, and Brooks agreed with this calculation of his criminal history score. The district court imposed the standard sentence for each offense: 40 months in prison for possession with intent to distribute K2 and 6 months in prison for aggravated child endangerment. Because Kansas law required that these sentences be served consecutively, the district court ordered Brooks serve a 46-month controlling sentence.

ANALYSIS

On appeal, Brooks argues that the district court erred when it considered his criminal history during sentencing without putting it to a jury and proving it beyond a reasonable doubt. Brooks argues that this violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The Kansas Supreme Court has consistently rejected this argument and held that criminal history is a sentencing factor rather than an element of the crime. *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002); see *State v. Razzaq*, 309 Kan. 544, 552, 439 P.3d 903 (2019). Without some indication that the Kansas Supreme Court is departing from its previous position, this court must follow Supreme Court precedent. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

The district court did not err when it considered Brooks' criminal history at sentencing. The district court even diligently informed Brooks of the impact his criminal history would have and how the sentence would be calculated before accepting his plea. We, therefore, affirm the district court's sentence.

Affirmed.